## ANANIAS GOLDEN v. THE STATE.

1. GRAND LARCENY. *Stealing of cattle, etc. Value—when important. Section* 2901, *Code of* 1880, *construed.*

   Under § 2901, Code of 1880, which provides that "every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of ten dollars or more, shall be guilty of grand larceny, and shall be imprisoned in the penitentiary for a term not exceeding five years; but it shall be grand larceny to take and carry away, feloniously, any of the kind of horned cattle, or swine, or sheep, or goats of any value," it is grand larceny only to steal a *live* animal of the kinds therein mentioned, without regard to its value. It is not grand larceny to steal the dead body of any such animal, if such dead body be of less value than ten dollars.

2. SAME. *Stealing of dead cow. Evidence. Instruction. Case in judgment.*

   G., charged with stealing a cow, was indicted for grand larceny under § 2901, Code of 1880, above set out. On the trial he introduced evidence which tended to show that he found the cow dead and took her hide. The court was asked by the defendant to instruct the jury that "if they believed from the evidence that the cow alleged to have been stolen was found by the defendant dead, and that he did not *kill* her, then they should find the defendant not guilty." The court modified this instruction by striking out the word "kill," and inserting in lieu thereof the word "steal." *Held,* that the instruction, as modified, was erroneous in suggesting that the defendant might be convicted of grand larceny if he found the cow dead and then stole her body, although there was no evidence before the jury of the value of such body.

APPEAL from the Circuit Court of Nuxubee County.

HON. W. M. ROGERS, Judge.

The case is stated in the opinion of the court.

*Rives & Rives,* for the appellant.

The jury was misled by the action of the court in modifying the first charge asked in behalf of defendant. That charge, as asked, was a correct enunciation of law applicable to the case, and the court erred to the prejudice of appellant in refusing it as asked, and in the modification of it. That modification virtually excluded from the consideration of the jury the theory of defendant, to wit: That the cow had died, the buzzards had taken possession of her carcass, and that he, without knowing whose cow she was, drove the buzzards off and skinned the carcass.

The jury should at least have been allowed to consider the testimony supporting this theory.

*T. M. Miller*, Attorney General, for the State.

The only change made in the instruction asked for by the defendant was to substitute the word "steal" for the word "kill." Now, the theory of the defense was that the accused did not kill a cow, but found one dead. If he did not find her dead, then manifestly he killed her before he stripped off the hide and cut the steaks. The instruction, as modified, compels the jury to acquit if they were satisfied that the defendant found the animal dead. The jury could not, therefore, have been led to suppose that the indictment for stealing a cow would be sustained by proof that he stole or removed a hide from a dead cow.

COOPER, C. J., delivered the opinion of the court.

Section 2901 of the code declares that "Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of ten dollars or more, shall be guilty of grand larceny, and shall be imprisoned in the penitentiary for a term not exceeding five years; but it shall be grand larceny to take and carry away, feloniously, any of the kind of horned cattle, or swine, or sheep, or goats, of any value." Petit larceny consists in the stealing of property of less value than ten dollars, and is punishable by imprisonment in the county jail for a term not exceeding three months or by fine not exceeding one hundred dollars, or by both such fine and imprisonment.

The appellant was indicted for the larceny of a cow. The evi-

dence for the State showed that the body of the cow was found near his house ; that the skin had been taken off, and as some of the witnesses state, some pieces of steak had probably been cut from her thigh ; the appellant had sold the hide to a butcher, telling him that it was the hide of a cow which had been injured and killed. It was unquestionably shown that this hide was that of the cow alleged to have been stolen. The theory of the defense was that the cow had died, and that appellant had found her dead and taken the hide, and the evidence on his part tended to establish this fact.

For the defendant the court was asked to charge the jury " That if they believe from the evidence that the cow alleged to have been stolen was found by the defendant dead, and that he did not kill her, then they should find the defendant not guilty." The court refused to give the instruction as asked, but changed it by striking out the word " kill," and inserting in lieu thereof the word " steal." So that the instruction as given read, " If they believe from the evidence that the · cow alleged to have been stolen was found by the defendant dead, and that he did not steal her, then they should find the defendant not guilty."

It was error to change the instruction. The statute, in making the larceny of any kind of horned cattle, or swine, or sheep, or goats of any value grand larceny, had reference to such animals being alive, and not to their dead bodies. It is grand larceny to steal any of the animals of the classes named, being alive, regardless of the value, and it might be grand larceny to steal the bodies after death, but that could only be where such body could be shown to exceed ten dollars in value. The vice of the instruction as given is that it suggests that if the appellant found the cow dead and did steal her when so found, he might be convicted of grand larceny, although there was no evidence before the jury of the value of the dead body. 2 Archbold's Criminal Practice and Pleading 1151.

*The judgment is reversed.*