RAINWATER *v.* STATE.

(Division B.   Dec. 9, 1929.)

[124 So. 801.   No. 28314.]

**E. W. Breland,** of Leakesville, for appellant.

**J. C. Satterfield,** of Jackson, for appellant.

686

**W. A. Shipman,** Assistant Attorney-General, for the state.

Argued orally by **J. C. Satterfield,** for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was indicted in the circuit court of Greene county, Mississippi, on a charge of grand larceny; the indictment charging that Henry Rainwater, in the said county, on the ——— day of ———, in the month of ———, 1929, did unlawfully and feloniously take, steal, and carry away two hogs, one being of the value of twenty dollars and one hog of the value of ten dollars, both of said hogs being of the aggregate value of thirty dollars, of the personal property of W. M. Turner, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi.

He was placed on trial, and the proof showed without dispute that he killed the hogs in Alabama, butchered them there, and gave the heads to a person living in

Alabama, and brought the meat of the hogs into Greene county, Mississippi. The proof also showed that one of the hogs belonged to W. M. Turner, and another belonged to the son of W. M. Turner. At the close of the testimony for the state the defendant moved the court for peremptory instruction of not guilty, which the court refused.

In 36 C. J., p. 856, section 388 (4), it is said: "An indictment which charges the theft of a domestic animal is construed to describe a live animal of the kind stated, and is not supported by proof of the theft of a dead animal of that kind. Smith v. State, 11 Ga. App. 385, 75 S. E. 447; State v. Hedrick, 272 Mo. 502, 199 S. W. 192, L. R. A. 1918C, 574; Noble v. State, 81 Tex. Cr. R. 28, 192 S. W. 1073; Rex v. Halloway, 1 C. & P. 128, 12 E. C. L. 85; Rex v. Edwards, R. & R. 370. Conversely, if the indictment describes the animal as dead, proof that it was taken alive is a fatal variance; as is also the case where the indictment charges the theft of an animal in a certain county and the proof shows that the stolen animal was killed in another state or county of the state, and that it was dead when brought into the county where the venue is laid."

In State v. Hedrick, 272 Mo. 502, 199 S. W. 192, L. R. A. 1918C, 574, it is stated that a defendant charged with stealing hogs cannot be convicted of stealing the carcass of a hog. A carcass of a hog, by whatever name it is called, is not a hog. The word "hog" means a live animal. The defendant was charged with stealing four hogs, and was indicted in that county. The evidence showed that the hogs were stolen in Dent county, and thereafter their carcasses were taken by the defendant and two other persons into Reynolds, where they were cleaned and divided among them. It was held that there was a total failure of proof, and the defendant could not, under the indictment, be convicted of stealing the carcasses of

hogs in Reynolds county. Among the authorities cited in this decision is Golden v. State, 63 Miss. 466. This case, while not deciding the proposition now before us, was a charge for stealing a cow, and, under the statute in this state at that time, the stealing of a live animal of the kind named, a cow, was a felony, regardless of the value of the property stolen. The evidence for the defendant showed that he did not steal the cow while alive, but found the body of the cow near his house, and that he took the skin off of the dead animal and sold it. The court reversed the case, because the defendant asked and the court refused the sole charge, "that if they believe from the evidence that the cow alleged to have been stolen was found by the defendant dead, and that he did not kill her, then they should find the defendant not guilty." The court refused the instruction as asked, but changed it by striking out the word "kill," and inserting in lieu thereof the word "steal." So that, as given, the instruction read, "If they believe from the evidence that the cow alleged to have been stolen was found by the defendant dead, and that he did not steal her, then they should find the defendant not guilty." For this error in modifying the instruction the court reversed the case, apparently holding that the word "cow" imported a live animal.

We think this is the construction to be placed upon the use of the word "hogs" in the indictment before us—that it imported the stealing of live hogs. The offense of stealing hogs, occurring as it did, was a theft in the state of Alabama. If the property killed was not the property of the defendant, the title to the meat did not vest in the defendant, but remained the property of the owner of the hogs; and if that be true the defendant was not guilty of stealing hogs, but was guilty of stealing meat, under the provisions of section 1408, Code of 1906 (section 1224, Hemingway's Code of 1927), which provides: "Where property is stolen in another state or

country and brought into this state, or is stolen in one county in this state and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed, or where the same may be found.'' It follows that the request for a peremptory instruction should have been granted, but the court should have held the defendant to await the action of the grand jury on a proper indictment charging the theft of the meat.

The judgment will therefore be reversed, and judgment entered here discharging the defendant from the offense of which he is convicted, but holding him to await the action of the next grand jury upon the charge of theft of meat.

Reversed and dismissed.