DAVIS *v.* STATE.

(Division B. Mar. 13, 1933.)

[146 So. 598. No. 30450.]

**Jesse Hatten,** of Sumrall, and **D. T. Currie** (of Currie & Currie), of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Lamar county of the larceny of (quoting from the indictment) ''one red steer yearling with white forehead,'' the personal property of Henry Thornhill. He was convicted of petit larceny and sentenced to six months' imprisonment in the county jail. From that judgment he prosecutes this appeal.

Henry Thornhill owned something like two hundred head of cattle. Some of them were running on the open range. A fourteen month old steer was missing. In a search for it its head was found, two forefeet, and a piece of its hide about the size of a pocket handkerchief. An attempt had been made to burn these parts of the steer. The face was lying against the ground and was not burned. There were wagon tracks at the scene which led off through the woods to appellant's home. A search warrant was procured and appellant's premises searched. Fresh beef was found salted down in his smokehouse. He was thereupon arrested. When arrested he admitted that he had dressed the steer. He stated to the officers making the search that he and his son were in the woods hunting for hawks; that they heard two shots fired, whereupon four or five head of cattle came running toward them; that this steer had been shot and it fell about seventy-five yards from them; that seeing that the steer was about to die he proceeded to cut its throat and dress the animal; and that he sent his son home for the wagon and team in which to haul the dressed beef home.

On the trial appellant and his young son testified that

one Ed Nobles shot the steer and disappeared from the scene; that when they reached the steer it was dead, and thereupon appellant dressed it, and he and his son hauled the dressed beef home. Ed Nobles testified for the state. He stated that he did not kill the steer—had nothing to do with the killing.

If the testimony of appellant and his son be true, appellant was convicted of the theft of a dead steer under an indictment charging him with the larceny of a live one. Appellant contends that under the law such a conviction cannot stand, and to sustain that contention relies on Golden v. State, 63 Miss. 466, and Rainwater v. State, 155 Miss. 684, 124 So. 801. It was held in those cases that an indictment for the theft of a domestic animal is construed to mean that such animal was alive when stolen, and that under such indictment, where the proof shows that the animal was dead when stolen, there can be no conviction.

We are unable to distinguish the present case on principle from those decisions. This question was properly raised by appellant by instructions granted the state and refused appellant. Instructions were given the state which charged the jury in effect that if they believed from the evidence beyond a reasonable doubt that appellant willfully, unlawfully, and feloniously took, stole, and carried away the steer, then the jury should find appellant guilty "regardless of what the jury may believe as to who shot and killed said yearling." The court refused instructions requested by appellant to the effect that if the animal was dead when appellant took it, they should acquit him. We are of opinion that the giving of those instructions for the state, and refusing those requested by appellant embodying the converse of those given the state, was error.

Reversed and remanded.