MOORE v. STATE.

(Division A.  May 6, 1940.)

[195 So. 695.  No. 33978.]

Alton Massey, of Kosciusko, for appellant.

**Russell Wright**, Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted of murder and sentenced to penitentiary for life.

The deceased was shot at night through a window of her house. No one saw the person who fired the shot, the evidence as to who did so being wholly circumstantial; consequently in order for the appellant to be convicted the evidence must exclude every reasonable hypothesis other that that of his guilt. A finding that the appellant shot the deceased must rest, in the last analysis, on the testimony of Rufus Peeler and inferences draw therefrom in the light of the other evidence. All that this witness said may be true, nevertheless the utmost that could be inferred therefrom, though reenforced by the other evidence, is that the appellant probably shot the deceased, and verdicts in criminal cases cannot rest on probabilities. "It is the actual exclusion of every other (reasonable) hypothesis which invests mere circumstances with the force of truth. Whenever, therefore, the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be." Algheri v. State, 1853, 25 Miss. 584. Such in 1853 was and still is the law. Hogan v. State, 127 Miss. 407, 90 So. 99; Harris v. State, 153 Miss. 1, 120 So. 206.

The request of the appellant for a directed verdict of not guilty should have been granted.

Reversed and appellant discharged.