410 So.2d 380 (1982)
Richard KNOWLES
v.
STATE of Mississippi.
No. 53217.
Supreme Court of Mississippi.
February 24, 1982.
Thomas D. Lee, Forest, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
*381 Before PATTERSON, C.J., and BROOM and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Scott County wherein Richard Knowles, defendant/appellant, was indicted, tried and convicted of the November 19, 1980, larceny of one black Angus heifer belonging to Douglas Turner. Upon conviction, Knowles was sentenced to serve a term of three years in the Mississippi State Penitentiary. We reverse.
On November 19, 1980, appellant went to the home of Margaret Pope around 6:00 p.m. E.B. Sessums was already present at the Pope household when appellant arrived. Appellant remained at the Pope house for about forty-five minutes and after completing his visit, headed for home. E.B. Sessums left approximately twenty minutes prior to appellant's departure. On his way home, a cow jumped in front of appellant's pickup and after being struck thereby, fell onto the side of the road. Sessums, who was driving by, stopped to see what had occurred. When it was discovered the cow had broken its leg, Sessums shot the heifer to put it out of its misery. Neither Sessums nor the appellant knew who owned the cow.
Appellant and Sessums then traveled in their respective pickups to Glenn Risher's house. Risher, Sessums' son-in-law, lived about ten to twelve miles from where the cow was struck, in a house on appellant's property. Appellant told Risher he had hit a cow and needed some help, whereupon Risher, Sessums and the appellant left in appellant's truck. After returning to the scene of the accident, Ernest Lewis arrived with a chain to help load the cow. The cow was subsequently loaded in appellant's truck and taken to his shop where it was skinned.
On November 21, 1980, appellant and Lewis took the cow to Ezell's Processing Plant in Union where it was cut, wrapped and divided four ways. Although the appellant admitted he knew the cow was not his when he took it, he asserted he did not intend to willfully steal the cow, did not know who owned it, and in fact never received any of the meat after the same was processed.
Since we have reached the conclusion that this case must be reversed, we confine our review to the propriety of appellant's requested instructions Nos. 12 and 13.
Appellant was indicted pursuant to Mississippi Code Annotated section 97-17-53 (1972) which provides:
If any person shall feloniously take, steal and carry away any neat or horned cattle, or knowingly buy, trade or accept such stolen livestock, he shall be guilty of larceny, regardless of the value of the cattle, and in the case of a first offender, shall be punished by imprisonment in the county jail for not less than six (6) months or for not more than five (5) years in the state penitentiary or by a fine of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00), or both; and in the case of a second or subsequent offense, by imprisonment in the state penitentiary for not less than one (1) year nor more than twenty (20) years, or by a fine of not less than five hundred dollars ($500.00) nor more than five thousand dollars ($5,000.00) or both.
This statute has consistently been construed to mean that such animal was alive when stolen and when the proof shows the animal was dead when the larceny transpired, no conviction can be had thereunder. Davis v. State, 165 Miss. 693, 146 So. 598 (1933); Rainwater v. State, 155 Miss. 684, 124 So. 801 (1929); and Golden v. State, 63 Miss. 466 (1886). However, when the animal alleged to have been stolen is killed as a means of making its theft possible, the crime of cattle theft has been held committed, the same as if the animal was alive at the time of its asportation. See 52A C.J.S. Larceny § 3(2)b (1968).
Margaret Pope, with whom appellant visited on the night of the alleged larceny, *382 asserted she heard two shots before appellant arrived at her home and then two more shots sometime after he left. She qualified her statement somewhat, testifying that gunshots in the area were not uncommon. Only one hole was found in the head of the cow and one empty shotgun shell was recovered from the area where the cow was shot.
Appellant sought Instructions D-12 and D-13[1] based on Mississippi Code Annotated section 97-17-61 (1972) which provides:
Any person who shall, without the consent of the owner or his agent, take away any horse, mare, gelding, mule, jack, jennet, sheep, cow, bull, ox, hog or other live stock or dog, or automobile, truck or other motor vehicle, where such taking and carrying away shall not amount to larceny, shall upon conviction, be fined not exceeding five hundred dollars, or be imprisoned not exceeding six months in the county jail, or both. A verdict of guilty of such taking and carrying away may be rendered under an indictment for larceny, if the evidence shall not warrant a verdict of guilty of larceny but shall warrant a conviction under this section. This section shall not apply to any one who takes such property believing, in good faith, that he has a right to it.
The appellant's proof tended to establish that there was no intent to appropriate the cow at any time before the animal was shot. It was only after the animal was shot that appellant and his companion decided to load the vehicle and process the meat so the same would not spoil.
Aside from the refusal of appellant's requested instruction, we feel inclined to comment on the weakness of the state's case against appellant. In Matula v. State, 220 So.2d 833 (Miss. 1969), this Court stated:
As Justice Griffith said in Westbrook v. State, 202 Miss. 426, 432-433, 32 So.2d 251, 252 (1947):
"It is fundamental that convictions of crime cannot be sustained on proof which amounts to no more than a possibility or even when it amounts to a probability, but it must rise to that height which will exclude every reasonable doubt; that when in any essential respect the state relies on circumstantial evidence, it must be such as to exclude every other reasonable hypothesis than that the contention of the state is true, and that throughout the burden of proof is on the state. It is our duty here to maintain these principles."

See also Boyd v. State, 204 So.2d 165 (Miss. 1967); Moore v. State, 188 Miss. 546, 195 So. 695 (1940); Hogan v. State, 127 Miss. 407, 90 So. 99 (1921) and Algheri v. State, 25 Miss. 584, 1 Mor.St.Cas. 658 (1853). (220 So.2d at 836)
The evidence presented a factual question for jury resolution as to whether the animal was shot for mercy reasons or as a means to effectuate larceny.
By refusing Instruction D-13, the trial judge, in effect, peremptorily instructed the jury to disregard appellant's defense. In doing so, the jury was faced with only two alternatives: to find appellant guilty of the crime charged or to acquit him. It is well settled that an instruction on a lesser-included offense should be given where justified by the evidence. In Re Jordan, 390 So.2d 584 (Miss. 1980). In our opinion, appellant was entitled to Instruction D-13 in the case sub judice. The refusal of this instruction cut off appellant's only defense.
Based on the foregoing, appellant's conviction is reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.
ROY NOBLE LEE, J., took no part.

*383 APPENDIX

INSTRUCTION D-13
The Court instructs the jury that if any person shall take without the consent of the owner any cow where such taking and carrying away shall not amount to larceny, may be found guilty of the unauthorized taking and carrying away of said cow. If the jury believes from the evidence that the defendant did take and carry away a cow belonging to Douglas Turner without his consent and that said taking and carrying away did not amount to cattle theft or grand larceny as herein charged, then the jury shall return the following verdict:
"We the jury, find the defendant guilty of taking and carrying away a cow belonging to Douglas Turner not amounting to larceny."
You may write your verdict on a clean separate sheet of paper.
NOTES
[1] See Appendix.