WALKER, Presiding Justice,
for the Court:
This is an appeal from the Circuit Court of Scott County, Mississippi, wherein the appellant, E. B. Sessums, was convicted of larceny of one black angus heifer and sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections. Although he has raised several assignments of error on appeal, we confine this opinion to one error which requires the judgment of the lower court be reversed.
On November 20, 1980, Douglas Turner reported to the Scott County sheriff the fact that one of his black angus heifers was missing from his herd.
During trial, the evidence on behalf of the State was to the effect that Richard Knowles had allegedly struck a cow on the roadway with his truck on November 19, 1980. After hitting the cow, Knowles had gone to the home of Glenn Risher, appellant’s son-in-law, and told him “... he had an old cow down, and he needed some help to get it up.” Sometime after Knowles arrived at Risher’s, the appellant stopped by his son-in-law’s. All three men left in Knowles’ truck to help with the cow. On the way they stopped at the home of Earnest Lewis and asked for his help with the cow.
The evidence is clear that at the time the men arrived at the cow’s location it was dead. There was no evidence placing Ses-sums at the scene when the cow was killed. There was no evidence that the cow had been shot. Lewis testified that a little of the meat from the cow was bloodshot as if something had “hit it.”
Furthermore, there is no testimony or evidence from which it may reasonably be inferred that Sessums killed the cow or had knowledge the cow did not belong to Knowles.
Sessums was indicted pursuant to Mississippi Code Annotated section 97-17-53 (1972) of larceny of a cow belonging to Douglas Turner. The statute provides in pertinent part:
If any person shall feloniously take, steal and carry away any neat or horned cattle, or knowingly buy, trade or accept such stolen livestock, he shall be guilty of larceny....
The term “livestock” as defined in Webster’s Third New International Dictionary (1971) includes “Animals of any kind kept or raised for use or pleasure; esp: meat and dairy cattle and draft animals — opposed to dead stock.”
In the most recent case of Knowles v. State, 410 So.2d 380 (Miss.1982), we stated:
This statute has consistently been construed to mean that such animal was alive when stolen and when the proof shows the animal was dead when the larceny transpired, no conviction can be had thereunder. Davis v. State, 165 Miss. 693, 146 So. 598 (1933); Rainwater v. State, 155 Miss. 684, 124 So. 801 (1929); *191 and Golden v. State, 63 Miss. 466 (1886). However, when the animal alleged to have been stolen is killed as a means of making its theft possible, the crime of cattle theft has been held committed, the same as if the animal was alive at the time of its asportation. See -52A C.J.S. Larceny § 3(2)b (1968).
The appellant made a motion for a directed verdict, which was overruled, after the State rested its case in chief. No testimony was offered on behalf of the appellant. Based on this record, we are of the opinion the appellant’s motion for a directed verdict should have been sustained. Therefore, the judgment of the lower court is reversed, the sentence of appellant dismissed and appellant discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C. J., SUGG, P. J., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
ROY NOBLE LEE, J., takes no part.