ECHOLS *v.* STATE.

[70 South. 694.]

1. HOMICIDE. *Dying declaration. Condition of declarant. Evidence. Necessity of objection. Instructions. Manslaughter.*
   A dying declaration should be admitted in evidence where it clearly appeared that it was made at a time when deceased was in *extremis* and fully conscious of his impending disolution.

2. HOMICIDE. *Appeal. Evidence. Necessity of objections.*
   Where no specific objection was made in the lower court to the testimony in regard to a dying declaration, such objection cannot be made for the first time on appeal in the supreme court.

3. HOMICIDE. *Instruction. Manslaughter.*
   Where on the trial of a case for homicide, the testimony submitted to the jury, viewed from different angles, and considered from different viewpoints as a whole and, separately, was sufficient to justify the jury in coming to the conclusion that the killing was unlawful and was not in self-defense but that it was not done "with malice aforethought," but in the heat of passion or upon sudden provocation, an instruction on manslaughter was properly given.

Appeal from the circuit court of Marshall county.

Hon. J. L. Bates, Judge.

Will Echols was convicted of manslaughter and appeals.

The facts are fully state in the opinion of the court.

*Lester G. Fant* and *W. A. Belk,* for appellant.

*Lamar F. Easterling,* Assistant Attorney-General, for the state.

Holden, J., delivered the opinion of the court.

Appellant, Will Echols, was charged with murder in the circuit court of Marshall county, and convicted of manslaughter, from which he appeals. The two errors assigned by appellant which deserve consideration are: (1) That the court erred in admitting the testimony of Drs. McAuley and Barnett as to the alleged dying declarations of the deceased, Jim Alexander; and (2) that the court erred in granting the state an instruction on manslaughter, and that the verdict of manslaughter is not supported by the evidence in the case.

The record shows that shortly after the deceased, Alexander, was shot in the bowels with a shotgun, and while he was lying upon the ground where he fell, Dr. McAuley arrived on the scene, and, after an examination of the wounded man, informed him that "there was no chance for him." The deceased then stated to Dr. McAuley "that he knew he was going to die," and then told Dr. McAuley that he (deceased) was coming from a picnic in a buggy with another negro man, Louis Dean, when they stopped near appellant's house, and Dean went into the house to get a drink of water while he (deceased) waited on the outside in his buggy; that appellant came to him and said he wanted to talk to him about "him interfering with his wife;" that deceased said to appellant, "If I were to tell what I know on you, there would be trouble

sure enough;'' and that appellant, Echols, immediately shot the deceased.' A few minutes after this statement was made by deceased to Dr. McAuley, Dr. Barnett arrived at the scene; and he heard Dr. McAuley state to deceased that "he was bound to die," and the deceased then told Dr. Barnett that appellant shot him, and made practically the same statement to Dr. Barnett as to how the shooting occurred that he had a few minutes before made to Dr. McAuley.

We think the testimony of both Drs. McAuley and Barnett was properly submitted to the jury as the dying declaration of the deceased, Alexander, as it clearly appears here that the declarations made by the deceased to both doctors were made at a time when he (the deceased) was *in extremis* and fully conscious of his impending dissolution. *Lipscomb* v. *State*, 75 Miss. 559, 23 So. 210, 230; *Guest* v. *State*, 96 Miss. 880, 881, 52 So. 211.

According to the record, there was no specific objection made by appellant in the lower court to the testimony of Dr. Barnett; and such objection cannot be made here for the first time.

The contention of appellant that the instruction on manslaughter was error, and that he was guilty of murder or nothing, and that the jury was not warranted in finding him guilty of manslaughter under the proof in this case, we think is untenable, as the testimony submitted to the jury, viewed from different angles and considered from different viewpoints as a whole and separately, was sufficient to justify the jury in coming to the conclusion that the killing was unlawful and was not in self-defense, but that it was not done "with malice aforethought" but in the heat of passion or upon sudden provocation. The jury may have entertained a reasonable doubt as to whether or not the appellant acted with malice aforethought, and at the same time believed beyond a reasonable doubt that the shooting was unlawful and not in necessary self-defense.

It would make this opinion too lengthy to set out all the testimony in the record which tends to prove the elements of manslaughter in this case; but we shall refer only to the testimony of three witnesses: Essex Suggs' testimony, page 13 of the record, which, if believed by the jury, showed that appellant claimed that he did not know whom he had shot, or, in other words, that he had shot a man whom he did not know and had nothing against, indicating strongly that the shooting was done without premeditation or malice aforethought. The dying declaration of deceased, Alexander, showed that a conversation took place between him and appellant immediately prior to the shooting, resulting in hot words which may have suddenly provoked the shooting. The testimony of appellant, which the jury had a right to believe in whole or in part, may have convinced the jury that appellant was suddenly provoked to do the shooting.

We shall not attempt to invade the province of a jury in passing upon the facts in any case, and we are not prepared to say in this case that the facts here did not warrant the jury in convicting the appellant of manslaughter.

We have not overlooked the fact that the rule announced in *Huston* v. *State,* 105 Miss. 413, 62 So. 421, can be applied in the case here; but we think it is unnecesary to rely upon the Huston Case in order to affirm the case now before us.

*Affirmed.*