## Watson *v.* State.

[72 South. 836.]

Homicide. *Instruction on manslaughter.*

> Where on a trial for murder the testimony of the defendant if believed was sufficient to justify a verdict of manslaughter, it was proper for the court on request of the state to give an instruction on manslaughter.

Appeal from the circuit court of Warren county.

Hon. E. L. Brien, Judge.

Julia Watson was convicted of manslaughter and appealed.

Appellant was indicted for murder and convicted of manslaughter for the killing of her husband. According to the state's evidence, a case of murder is made out. According to the evidence introduced by the defendant, she is either guilty of manslaughter, or not guilty at all. On the trial she did not ask an instruction on manslaughter, but such an instruction was given by the court at the request of the district attorney. She was convicted of manslaughter, and on appeal assigns as error the action of the court in instructing the jury that they might return a verdict of manslaughter.

*A. A. Chaney,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney-General, for the state.

HOLDEN, J., delivered the opinion. of the court.

The contention of the appellant, that the instruction on manslaughter granted by the lower court in this case is error, is, under the facts here, untenable. The testimony of the appellant in the lower court, which the jury had a right to believe or disbelieve in whole or in part, was sufficient to justify the verdict of manslaughter. This case comes within the rule announced in *Echols* v. *State,* 70 So. 694.

The judgment of the lower court is affirmed.

*Affirmed.*