## LEE v. STATE.

[94 South. 889.    No. 22962.]

HOMICIDE.    *Error to refuse submission of manslaughter in murder trial where elements present in testimony.*

> In a trial for murder, if there are any elements of manslaughter under any of the testimony in the case, it is error to refuse the defendant an instruction submitting to the jury the issue of manslaughter.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Herman Lee was convicted of murder, and he appeals. Reversed and remanded.

*Ely B. Mitchell,* for appellant.

*C. E. Dorroh,* assistant attorney-general, for the state.

No brief found in the record for counsel on either side.

COOK, J., delivered the opinion of the court.

The appellant was convicted of murder, and sentenced to the penitentiary for life, and from this conviction and sentence he prosecuted this appeal.

As to what happened at the scene of the shooting, the state offered the testimony of only one witness, a negro woman at whose house the killing occurred. This witness testified that the defendant's wife was visiting in her room, and while she was there the deceased, Dan Jordan, also came in; that the deceased remained in the room for quite a while in conversation with these women; that while he was standing before a heater with his overcoat on his left arm, the defendant came to the door of an adjoining room

and called his wife; that he then came to the door of her room and knocked and asked whether his wife was there; that before they could answer he pushed or broke the door open and rushed in with a pistol in his hand; that he caught his wife and threatened to shoot her, also snapped the pistol at her; that she separated defendant and his wife and then pushed the wife out of the room through a door; that he then turned and caught the deceased by the collar, pushed him back into the kitchen, and shot him five times; that the deceased had no weapon and made no demonstration toward the defendant, but, at the time he was attacked, was standing before a heater with his overcoat on his left arm and his right hand down by his side.

The defendant testified that he went to this house looking for his wife; that he stepped up on the porch and knocked on the door of the west room; that he heard his wife whispering in the room, and he then looked through a crack in the door and saw his wife and Dan Jordan, the deceased, in bed together; that he then went to the door of the east room and knocked; that Della Jones, the state's witness, came to the door, and he asked her whether his wife was in the house; that she told him his wife was not there, and after some argument about it she closed and locked the door; that he then looked through the crack in the door again and saw that his wife and the deceased had gotten out of bed, and deceased was lacing up his shoes; that he then heard his wife unlock the middle door and go into the east room; that he rushed around the house to the kitchen door, and there he met his wife coming out of the house; that he caught her by the arm and told her to wait until he could find out who the man was that was with her; that he then went into the east front room and opened the door leading into the west room; that deceased came out of this room; that he (defendant) backed off from him and said to him that he did not think he was such a man as that; that deceased then struck him and knocked him several feet back into the kitchen; that deceased then immediately pulled a pistol from his right hip pocket;

and that as deceased brought his pistol up, he (defendant) pulled his pistol from his coat pocket and fired four shots. Four bullets entered the body of the deceased, and he lived only a few moments after the shooting.

There are several assignments of error, but the only one which we deem it necessary to notice is based upon the action of the trial court in refusing to grant the defendant an instruction submitting, to the jury the issue of manslaughter.

The testimony of the only eyewitness introduced by the state, if believed, justifies the conviction of murder. Under the defendant's testimony, however, we think the manslaughter instruction requested by him should have been granted. As said by this court in a number of cases (*Rester* v. *State,* 110 Miss. 689, 70 So. 881; *Martin* v. *State,* 112 Miss. 365, 73 So. 64), it is the province of the jury to pass upon the facts of a case and to believe parts of the evidence of either side and disregard any portion of the evidence either for the state or for the defendant. In view of the defendant's testimony that he caught the deceased in bed with his wife, and that as soon as he gained admission to the house the deceased came into the room where he was and struck him a severe blow and immediately started to draw a pistol, we think the manslaughter instruction should have been granted, and that under all the testimony in this case it is one in which the jury should be permitted, under proper instructions, to say whether the killing was the result of malice or heat of passion, or was done in self-defense. *Haley* v. *State,* 123 Miss. 87, 85 So. 129, 10 A. L. R. 462.

*Reversed and remanded.*