444 So.2d 839 (1984)
Elzie RUFFIN
v.
STATE of Mississippi.
No. 53652.
Supreme Court of Mississippi.
January 25, 1984.
Morris C. Phillips, Jr., Wright & Phillips, Carthage, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and ROY NOBLE LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Newton County for the crime of murder and sentenced to serve a term of life under the direction of the Mississippi Department of Corrections.
We need to address only one assignment of error which assignment requires a reversal of the cause. This is that the lower court erred in refusing appellant's requested instruction that if they found certain facts to exist they could find the appellant guilty of manslaughter. This refused instruction read as follows:
The Court instructs the jury that if you find beyond all reasonable doubt and to a moral certainty from the credible evidence that the defendant did kill the *840 deceased but that same was not done with premeditation or malice aforethought but was done in a sudden heat of passion, then you may find the defendant guilty of manslaughter and the form of your verdict may be:
"We, the jury, find the defendant guilty of manslaughter."
This was appellant's second trial, the first resulted in a hung jury and a mistrial was declared.
Appellant and the deceased had been married approximately twenty-four years and had eight children, most of whom lived with the appellant and his wife. Appellant had no prior criminal record and had held responsible jobs. At the time of his arrest, he was working as a uniformed security guard for several different employers. He would spend different times, principally at night, on the premises of each and would inspect the premises to insure security at various times.
It was admitted that for a number of months the deceased wife had been living periodically with another man in his apartment in a different section of town. On many of these occasions, she would take one or more of the children with her. On the night preceding the morning of her death, the deceased wife spent the night with her paramour and had taken one of the young sons with her the entire time. The facts are uncontroverted that when the appellant came home early in the morning after performing his night's work, he found the above situation to exist and went to the paramour's apartment, secured his wife and son and took them home.
There were two witnesses to the alleged shooting of the deceased by appellant. One female witness lived a short distance away and across the street. She testified she heard the two arguing and heard a shot after which she saw the wife fall to the ground in the front yard of their home. She could not see appellant at that time.
A Newton County Deputy Sheriff lived next door to appellant and his family. As the day was Saturday, he was sleeping late when his wife awakened him advising that the young Ruffin boy was at the door seeking assistance. The deputy sheriff went out and saw appellant and his wife in their yard. He went to the scene and, according to him, found appellant to be very mad and walking round and round his wife in an obviously agitated and emotionally disturbed condition. The appellant, according to the deputy sheriff, kept repeating what his wife was doing and stating that he should kill her. The wife had a purse over her arm at the time.
The deputy sheriff further testified that as he was unarmed and the appellant was in such an agitated condition, he was going back to his house to call for law enforcement assistance. As he was going in his door, leading from his carport into the house, he heard a shot. He looked around and saw Mrs. Ruffin falling. He promptly went back to the scene, where appellant voluntarily surrendered his gun and gun-belt. Examination revealed that one shot had entered Mrs. Ruffin over her left eye and that she was dead.
Appellant confirmed what has hereinbefore been related and further testified that after the deputy sheriff was going into his house to get assistance, his wife slapped him and began attempting to take his pistol, which was in a holster which he had in connection with his uniform and the activities as a security guard. His testimony was that they were struggling over the possession of the pistol when it fired and Mrs. Ruffin was killed.
We hold that the lower court committed reversible error by refusing the submitted instructions on manslaughter. In Martin v. State, 112 Miss. 365, 73 So. 64 (1916); where the occurrence was in the nature of a fight between two persons in a heated atmosphere, and one is killed by the other, we held that the accused is entitled to permit the jury to consider the lesser included offense of manslaughter. Only in cases where the evidence could only justify a verdict of murder, should a requested manslaughter instruction be refused. See Norman v. State, 385 So.2d 1298 (Miss. *841 1980); Hammock v. State, 379 So.2d 323 (Miss. 1980); Grace v. State, 375 So.2d 419 (Miss. 1979); Presley v. State, 321 So.2d 309 (Miss. 1975); and Pittman v. State, 297 So.2d 888 (Miss. 1974).
Mississippi Code Annotated, Section 97-3-35 (1972), provides as follows:
The killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.
As hereinbefore stated, we held in Martin, supra, that the instruction based on this lesser degree of manslaughter should be given unless the facts would not justify such an instruction. In a number of cases, we have been just as firm that if the facts are sufficient to present the question to the jury, the manslaughter instruction should be given. Johnson v. State, 416 So.2d 383 (Miss. 1982); Dase v. State, 356 So.2d 1179 (Miss. 1978); Lee v. State, 130 Miss. 852, 94 So. 889 (1922); and Echols v. State, 110 Miss. 577, 70 So. 694 (1916).
The testimony of the two witnesses and the appellant clearly reveal sufficient evidence for the jury to have reached the conclusion that appellant was guilty only of the lesser included offense of manslaughter. Because of the error of the trial judge in refusing this requested instruction, we are forced to reverse and remand the cause.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.