469 So.2d 1225 (1985)
Garry LEE a/k/a Gary Lee a/k/a Gary Gene Lee
v.
STATE of Mississippi.
No. 55477.
Supreme Court of Mississippi.
February 13, 1985.
As Modified on Denial of Rehearing May 29, 1985.
*1226 *1227 Andrew M.W. Westerfield, Merigold, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal follows the conviction of Garry Lee for the crime of aggravated assault on a police officer (Miss. Code Ann. § 97-3-7(2)(b) Supp. 1984) for which he was sentenced as a recidivist to life imprisonment without parole (Miss. Code Ann. § 99-19-83 (Supp. 1984)).
On appeal, Lee contends his conviction should be overturned: (1) because this trial subjected him to double jeopardy; (2) because the verdict was contrary to the overwhelming weight of the evidence; (3) because the trial court refused to grant an instruction which would have allowed the jury to consider the lesser-included offense of simple assault on a police officer; and (4) because the evidence of prior crimes used to convict Lee as a habitual offender was infirm.
For the reasons set forth below, the first and second assignment are without merit and are rejected; that is, this prosecution in no way subjects Lee to a violation of his rights under the double jeopardy clauses of the Federal or State Constitution and the verdict of the jury was well within the evidence. On the other hand, however, the evidence was such that the lesser-included offense instruction regarding the charge of simple assault should have been granted. Because it was not, we reverse and remand for a new trial, and Lee's final assignment of error need not be reached.

II.
On October 20, 1982, Garry Lee a/k/a Gary Lee a/k/a Gary Gene Lee, was charged in an indictment returned by the grand jury of the Second Judicial District of Bolivar County, Mississippi with aggravated assault upon Charles Griffin, at the time a deputy sheriff and jailer in Bolivar County. The incident occurred in Cleveland, Mississippi on March 29, 1982, when Griffin went upstairs in the jail to lock down the prisoners.
Griffin testified that Lee refused to get in his cell when ordered to do so. Griffin opened the back door to the area and Lee, *1228 with a knife drawn, told Griffin that if he moved he would throw the knife "in" him. Griffin tried to close the door, but Lee got his foot in the door. Lee struck Griffin once in the mouth and once in the nose, then held the knife on Griffin and got the keys from him. Lee then left and went downstairs.
Griffin got up and closed the control panel. Lee returned and grabbed Griffin and placed the knife to his neck. Lee, with Griffin in tow, proceeded back down the stairs. Lee said, "Don't make me kill this man," and "don't make me hurt you" as he was forcing Griffin down the stairs. When they encountered Officer Eugene Hall at the bottom of the stairs, Griffin told Hall to open the door and let them out, or he would kill Griffin. Hall opened the back door, and Lee started down the back steps with the knife still at Griffin's throat. Griffin testified that he was cut on the arm when Lee, who was leading him down the stairs, stumbled near the bottom of the stairs. A struggle ensued and Griffin was able to free himself. Lee threw the knife at Hall and ran. Hall recaptured Lee immediately.
Lee emphatically denied Griffin's version of the facts. Lee testified that he had made an arrangement with Griffin to let Lee escape in return for $200.00 and two diamond rings. When the time came to consummate the deal, Griffin backed out, hit Lee and Lee hit him back. Lee testified he never had the knife near Griffin's neck, nor intended to pull the knife or stab anyone, and he never threw the knife.
Prior to trial, Lee moved to have the charge of aggravated assault on Griffin dismissed based on double jeopardy considerations. Lee had already been convicted of aggravated assault on Eugene Hall who is also employed by the Bolivar County Sheriff's Department. Both the assault on Hall and the assault on Griffin arose out of the same occurrence when Lee was attempting to exit the Bolivar County Jail where he was imprisoned. The trial judge overruled this motion to dismiss.
The case was called for trial in the Circuit Court in Cleveland, Mississippi on November 22, 1983. In the state of the evidence outlined above, the case was submitted to the jury solely on the charge of aggravated assault on a law enforcement officer, Lee's request for a lesser-included offense instruction having been refused. The following day the jury found Lee guilty as charged, whereupon he was sentenced as a recidivist to life imprisonment without parole. Miss. Code Ann. § 99-19-83 (Supp. 1984).
Following denial of the usual post-trial motions, this appeal has been perfected.

III.
Lee first assigns as error that the instant prosecution abridges rights secured to him under the double jeopardy clauses of the Fifth Amendment (made applicable to the states by the Fourteenth Amendment) to the Constitution of the United States and by Article 3, § 22, of the Mississippi Constitution of 1890. Each of those provisions guarantees to each citizen that he shall not twice be placed in jeopardy for the same offense. We construe the double jeopardy clause of our Constitution consistent with authoritative constructions of the Constitution of the United States. See Sanders v. State, 429 So.2d 245, 251, 252 (Miss. 1983).
The facts are that on December 7, 1982, in proceedings in the Circuit Court of the Second Judicial District of Bolivar County, Mississippi, bearing Docket No. 6120, Lee was adjudged guilty of the offense of aggravated assault on a police officer in violation of Miss. Code Ann. § 97-3-7(2)(b) (Supp. 1983). The police officer assaulted on that occasion was Officer Eugene Hall. That conviction has been affirmed on appeal. Lee v. State, 468 So.2d 80 (Miss. 1985). The instant prosecution charges Lee with the assault of Officer Charles Griffin. There is no question but that the two assaults were committed by Lee on March 29, 1982, during the course of a purported escape from the Bolivar County Jail.
We have repeatedly recognized that separate acts though committed close in point of time to one another may constitute separate criminal offenses. See, e.g., Wilcher v. State, 455 So.2d 727, 729 (Miss. *1229 1984) and Wilcher v. State, 448 So.2d 927, 929 (Miss. 1984) (two killings on the same occasion constitute two offenses of capital murder); Ball v. State, 437 So.2d 423, 424 (Miss. 1983) (assaults on three different law enforcement officers in a single series of events on May 5, 1982, held to constitute three separate offenses); Maycock v. Reed, 328 So.2d 349, 352 (Miss. 1976) (sale of two bags of marijuana took two different persons and two batches of LSD to the same two people held to constitute four offenses support four convictions and sentences); Pharr v. State, 465 So.2d 294, 299-301 (Miss. 1984) (three temporally related instances of headlighting deer held to constitute three separate offenses). As stated in Ball v. State,
Temporal proximity does not generate a juridical union of separate and distinct criminal acts, nor does the presence of a common nucleus of operative facts. 437 So.2d at 425.
The double jeopardy clause of neither the Federal nor the State Constitution presents a legal impediment to the State's mounting two separate prosecutions, even where, as here, the two offenses arise out of a common nucleus of operative fact. Ohio v. Johnson, ___ U.S. ___, ___, 104 S.Ct. 2536, 2540-2541, 81 L.Ed.2d 425, 433 (1984); Pharr v. State, 465 So.2d 294, 299-301 (Miss. 1984); Smith v. State, 429 So.2d 252, 253 (Miss. 1983); Hughes v. State, 401 So.2d 1100, 1105 (Miss. 1981). The assignment of error is rejected.

IV.
Lee next challenges the sufficiency of the evidence to support his conviction. In doing so he appeals the trial court's denial of his post-trial motion for a new trial, which as stated was two separate motions: the first charging that the State had "failed to prove a prima facie case as charged in the indictment" necessarily being treated as a motion for judgment of acquittal notwithstanding the verdict, and the second being a conventional motion for a new trial. Rule 5.16, Miss.Unif.Crim.R. Cir.Ct.Prac. These motions are separate and distinct and perform different offices within our criminal procedural system, although as here the distinction is frequently blurred.
The motion for acquittal notwithstanding the verdict tests the legal sufficiency of the evidence supporting the verdict of guilty of the jury, here that Lee was guilty of aggravated assault upon a law enforcement officer.[1] The motion is a renewal of the defendant's request for a peremptory instruction made at the close of all of the evidence. It asks the court to hold, as a matter of law, that the verdict may not stand and that the defendant must be discharged.
Where a defendant has moved for J.N.O.V., the trial court must consider all of the evidence  not just the evidence which supports the State's case  in the light most favorable to the State. May v. State, 460 So.2d 778, 781 (Miss. 1984). The evidence which is consistent with the verdict must be accepted as true. Williams v. State, 463 So.2d 1064, 1067 (Miss. 1984); Spikes v. State, 302 So.2d 250, 251 (Miss. 1974). The State must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Glass v. State, 278 So.2d 384, 386 (Miss. 1973). If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could *1230 not have found beyond a reasonable doubt that the defendant was guilty, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that, having in mind the beyond-a-reasonable-doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand. May v. State, 460 So.2d 778, 781 (Miss. 1984).
In other words, once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Fairchild v. State, 459 So.2d 793, 798 (Miss. 1984); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). When we apply this standard to the evidence in the record, we may only state that the trial judge correctly denied Lee's request for a peremptory instruction as well as his subsequent motion for judgment of acquittal notwithstanding the verdict of the jury.
The motion for a new trial is somewhat different. That motion is addressed to the sound discretion of the trial court. Fairchild v. State, 459 So.2d 793, 798 (Miss. 1984); Neal v. State, 451 So.2d 743, 760 (Miss. 1984). When he moves for a new trial, a defendant in a criminal case necessarily invokes Rule 5.16 of our Uniform Criminal Rules of Circuit Court Practice. That rule vests in the trial court discretion to grant a new trial if the verdict is contrary to law or the weight of the evidence or if such is required in the interest of justice. Having due regard for the evidence recited at the outset of this opinion, we hold that the trial judge acted well within his discretion when he denied Lee's alternative motion for a new trial. See Groseclose v. State, 440 So.2d 297, 300-301 (Miss. 1983).

V.
Lee was indicted for the crime of aggravated assault on a law enforcement officer within the meaning and contemplation of Miss. Code Ann. § 97-3-7(2)(b) (Supp. 1984). Prior to the case being submitted to the jury, Lee timely requested that the lesser-included offense of simple assault under Miss. Code Ann. § 97-3-7(1) be submitted and to that end Lee requested Jury Instruction No. 6121-D-1 which reads as follows:
The Court instructs the jury that you may find the Defendant, GARY LEE, guilty of the lesser included offence (sic) of simple assault upon a law enforcement officer.
The Court further instructs the jury that a person is guilty of simple assault if he (A) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (B) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (C) attempts by physical menace to put another in fear of imminent serious bodily harm.
The trial court refused this instruction. Lee assigns this as error.
We have repeatedly held that lesser-included offense instructions should not be indiscriminately granted. Rather, they should be submitted to the jury only where there is an evidentiary basis in the record therefor. See, e.g., Ruffin v. State, 444 So.2d 839, 840 (Miss. 1984); Colburn v. State, 431 So.2d 1111, 1114 (Miss. 1983).
In a very real sense the test here, is the reverse of that discussed in the previous section of this opinion, for now the defendant must be given the benefit of all doubts about the evidence. In Fairchild v. State, 459 So.2d 793 (Miss. 1984) we articulated this test for determining whether a lesser-included offense instruction should be granted.
Only if this Court can say, taking the evidence in the light most favorable to the accused, and considering all reasonable *1231 favorable inferences which may be drawn in favor of the accused from the evidence, and considering that the jury may not be required to believe any evidence offered by the State, that no hypothetical, reasonable jury could convict ... [the defendant] of simple murder, can it be said that the refusal of the lesser-included offense instruction was proper.
459 So.2d at 801.
In addition, Ruffin v. State, 444 So.2d 839, 840 (Miss. 1984), has expressly held that only where the evidence could only justify a conviction on the principle charge should a lesser-included offense instruction be refused.
We have held above that the evidence is sufficient to support the conviction of aggravated assault. Without doubt the testimony of Officer Griffin is sufficient to establish that charge. On the other hand, the testimony offered by Lee in his own defense was quite to the contrary. The fact that the jury obviously did not believe Lee's testimony is beside the point. This testimony could well have brought the case within the definition of simple assault articulated in the jury instruction offered by Lee but refused by the trial judge.
To be specific the evidence that Lee struck Griffin, coupled with Lee's other denials, makes out a case under Section 97-3-7(1)(a) to the effect that Lee "attempted to cause or purposely, knowingly or recklessly caused bodily injury to another." Further, Lee's holding Griffin "hostage" in the course of his attempted escape seems consistent with Section 97-3-7(1)(c) to the effect that Lee "attempted by physical menace to put another in fear of imminent serious bodily harm."
The point is largely controlled by Murray v. State, 403 So.2d 149 (Miss. 1981). In the course of an abortive escape attempt from the Mississippi State Penitentiary at Parchman, Dwayne Murray held a prison guard in much the same manner as Lee held Griffin. Murray held that at most the defendant was guilty of simple assault by physical menace. While there are factors present here not present in Murray that do not require that we do as in Murray and vacate the aggravated assault conviction, the fact that in Murray we approved a conviction of simple assault requires here that at the very least we authorize the jury to consider that lesser included offense.
Assuming arguendo that Lee was entitled to a lesser included offense instruction on simple assault, the State challenges the form in which Instruction No. 6121-D-1 was requested.
First, the State complains that the proffered instruction was deficient by reason of its failure to include the beyond-a-reasonable-doubt burden of proof. The point is without merit. Anomaly surely attends a complaint by the State that an instruction does not include the beyond-a-reasonable-doubt standard. Beyond that, the jury was otherwise liberally instructed regarding the burden of proof standard. The general burden of proof instruction, Instruction No. 6121-C-15, sets forth the beyond-a-reasonable-doubt standard and explains the presumption of innocence. Instruction No. 6121-C-106.05 also explains the beyond-a-reasonable-doubt standard. Following the general rule that instructions must be viewed as a whole and not in isolation, it is clear that Instruction Nos. 6121-C-15 and 6121-C-106.05 are more than sufficient to explain the beyond-a-reasonable-doubt standard.
Second, the State complains that the instruction is stated in abstract form. It should be noted that the supposedly objectionable part of the instruction is a verbatim quote from Section 97-3-7(1). We are not without cases in which we have approved jury instructions in criminal cases which employ the language of the statute under which the defendant has been charged and indicted, e.g., Lackey v. State, 215 Miss. 57, 62, 60 So.2d 503, 504 (1952); Martin v. State, 163 Miss. 454, 458, 142 So. 15, 16 (1932); Rodgers v. State, 21 So. 130 (Miss. 1897), although we have never insisted upon the exact language of the statute. *1232 Broadstreet v. State, 208 Miss. 789, 792, 45 So.2d 590, 592 (1950).
Furthermore, when the proposed instruction at issue is read in conjunction with Instruction Nos. 6121-S-1[2] (the general instruction regarding the principal charge of aggravated assault on a law enforcement officer) and 6121-D-2[3] (an instruction granted defendant concerning aggravated assault), it becomes clear that, had the proposed instruction been given, the jury would have been instructed adequately what it had to do in order to find the defendant guilty of simple assault. When an instruction is criticized because it is too abstract, that instruction must be read together with all others. If, when the disputed abstract instruction is read in conjunction with all others, the jury will not be misled, the "abstractness" is never fatal. Ruffin v. State, 447 So.2d 113, 119 (Miss. 1984); Lackey v. State, 215 Miss. 57, 62, 60 So.2d 503, 504 (1952).
The instruction at issue does contain surplus language. In submitting to the jury the general language of the simple assault statute, § 97-3-7(1), the instruction includes subsection (b) on negligent assault. We have explained above that Lee's theory of the case may well have fit within subsection (a) on reckless attempts to cause bodily injury and subsection (c) on attempted assault by physical menace. It is stretching the point too far to suggest that the evidence under Lee's theory would support the giving of a negligent assault instruction.
This improper inclusion in the proffered instruction of a reference to negligent assault does not render the instruction fatally defective. As explained above, this is a case where defendant was entitled to a lesser included offense instruction and the one proffered was close enough to the mark to sustain the point. Thomas v. State, 278 So.2d 469, 472-473 (Miss. 1973) stands for the proposition that (a) where the disputed instruction relates to a central feature of the case, and (b) where there is no other instruction before the Court which treats the matter, it is error to refuse the requested instruction even though it has been inartfully drawn. 278 So.2d at 472. The Thomas rule applies to the lesser included offense instruction in this case and requires reversal.
We hold that the trial judge's refusal to instruct the jury on the lesser-included offense of simple assault, on this record, was error which requires reversal. Fairchild v. State, 459 So.2d 793, 800-801 (Miss. 1984); Ruffin v. State, 444 So.2d 839, 840 (Miss. 1984).
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Aggravated assault is defined as follows: "A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine or note more than five thousand dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
[2] Instruction No. 6121-S-1, granted at the request of the State, reads as follows:

INSTRUCTION NO. 6121-S-1
The Defendant, Gary Lee, has been charged by indictment with the crime of Aggravated Assault on a law enforcement officer with a deadly weapon.
If you find from the evidence in this case beyond a reasonable doubt that the Defendant did:
(1) Purposely, knowingly and recklessly attempt to cause serious bodily injury to Charles Griffin with a deadly weapon, to-wit: a knife, under circumstances manifesting extreme indifference to the value of human life; and
(2) At the time the said Charles Griffin was a deputy sheriff of Bolivar County, Mississippi: and
(3) Was at the time acting within the scope of his duty and office;
then you shall find the Defendant guilty as charged.
If the State fails to prove beyond a reasonable doubt any one or more of the above elements, then you shall find the Defendant not guilty.
[3] Instruction No. 6121-D-2, granted at the request of Defendant Lee, reads as follows:

INSTRUCTION NO. 6121-D-2
The Court instructs the jury that if the jury believes that the Defendant, GARY LEE, made no attempt to cut or wound Charles Griffin with the knife in question, under circumstances manifesting extreme indifference to the value of human life, then you the jury cannot find the Defendant, GARY LEE, guilty of aggravated assault.