# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KA-01418-SCT

*DAVID JOHNSTON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/18/93 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD A. REHFELDT |
| | A. RANDALL HARRIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 9/4/97 |
| MOTION FOR REHEARING FILED: | 9/17/97 |
| MANDATE ISSUED: | 10/30/97 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. David Johnston was convicted in the Circuit Court of Winston County for the sale of less than one ounce of marijuana and was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections, pay a fine of two thousand dollars, pay a crime lab fee of four hundred twenty five dollars and court costs plus assessments. Johnston's post-trial motions were denied.

¶2. Aggrieved, Johnston appeals to this Court raising four issues for consideration. After thorough examination of the record we find no error by the trial court and accordingly affirm Johnston's conviction and sentence.

**FACTS**

¶3. Ray Brown, an acquaintance of David Johnston, was used as a confidential informant by the Tri-County Task Force for the purpose of catching drug dealers in Winston, Clay and Oktibbeha Counties. Brown was used in this case to catch Johnston. In exchange for his cooperation, Brown was to receive leniency in his punishment for pending criminal charges.

¶4. Brown and Officer David Porter, a narcotics agent with the Tri-County Task Force, met with Johnston on May 19, 1992 and purchased an eighth of an ounce of marijuana from him. Johnston was indicted on October 7, 1993 and was subsequently convicted for selling less than one ounce of marijuana in violation of Miss. Code Ann. § 41-29-139(a)(1)(b)(3). Johnston was sentenced, posted bond and appealed to this Court.

## I.

¶5. Johnston argues that the trial court erred in denying his requested continuance. On the day of trial, the State first learned of the existence of a tape recording of the drug transaction. The State promptly advised defense counsel of the existence of the tape. Defense counsel, however, was aware of the possible existence of the tape, but had not requested its production. Defense counsel listened to the tape, knew its contents, but apparently chose not to introduce the tape as evidence. The tape was not offered by the State during its case in chief. However, during rebuttal, the trial court allowed the introduction of the tape into evidence. Arguing discovery violations, Johnston requested a continuance, which was denied. Johnston now asks this Court to reverse his conviction due to the refusal of the trial court to grant his requested continuance.

¶6. The familiar guideline for such an alleged discovery violation is *Box v. State*, 437 So. 2d 19 (Miss. 1983). In the case *sub judice*, there is no question that the defense had known of the existence of the tape recording of the drug sale since the preliminary hearing. When one examines this record as a whole, it is readily apparent that there is no miscarriage of justice, thus, if error is present, it is harmless. *Dennis v. State*, 555 So. 2d 679, 682 (Miss. 1989)(*citing McKinney v. State*, 482 So. 2d 1129 (Miss. 1986); *Buckhalter v. State*, 480 So. 2d 1128 (Miss. 1982)).

¶7. Here, there is no surprised or ambushed party. It is clear from the record that the district attorney only learned of the existence of the tape of the drug sale transaction on the morning of the trial, whereupon the State immediately advised defense counsel of the existence of the tape. However, defense counsel already knew of the existence of the tape, having learned of its existence during Johnston's preliminary hearing when Officer Mike Perkins testified that a tape recording of the drug transaction had been made.

¶8. Although the facts clearly show that the district attorney was unaware of Officer Perkins' prior testimony about the tape recording, he not only should have known about the tape, but also is charged with making the defense aware of its existence.

¶9. Defense counsel Liddell requested a copy of the tape recording and was advised by Officer Perkins to contact the Tri-County narcotics office and "the secretary would let him hear it or dub him a tape." Judge Loper then offered the defense an opportunity to examine Officer Perkins regarding that statement, to which defense counsel responded, "Okay. No more questions." It is very clear that the defense was not caught off guard or unprepared to respond. Neither could the defense claim "unfair surprise," as in *Box*, 437 So. 2d at 23. Nor is this situation one in which Johnston has been

"ambushed" or subjected to "unfair surprise" at trial, which Rule 4.06 is designed to avoid. *See McCaine v. State*, 591 So. 2d 833, 836 (Miss. 1991)(*citing Harris v. State*, 446 So. 2d 585, 589 (Miss. 1984)).

¶10. The case at bar clearly illustrates one of those "unusual circumstances" where the trial court is not required to grant a requested continuance. *Box* at 23. Defense counsel, aware of the existence of the tape, never even requested its production. Nor is this one of those situations where it is "reasonable to presume that there is something suspect about a [State or defense] witness [or other evidence that] is not identified until after the 11th hour has passed." *Taylor v. Illinois*, 484 U.S. 400, 414 (1988). The district attorney should have been aware of the tape, but was not. However, defense counsel was certainly aware of the existence of the tape because defense counsel and Johnston were present during the preliminary hearing when the existence of the tape was revealed. The record also reflects that Johnston and his counsel listened to the tape, but elected not to introduce the tape into evidence. Under these circumstances, this Court can not say the trial judge erred in allowing the State to proceed and denying Johnston a continuance. Because there was no unfair surprise or ambush of the defense under the facts of this case, we hold that error, if any, was harmless.

¶11. In addition, the tape was played to the jury only during the State's rebuttal evidence. This Court, in *Gallion v. State*, 517 So. 2d 1364 (Miss. 1987), a case which concerned a situation very similar to the case at bar where evidence was only offered during rebuttal, held:

> Clearly no reversible error had occurred at that stage of the trial because of a Rule 4.06 violation. The State had not attempted to offer any portion of the tape to the jury, and therefore defense could not complain about the State offering incriminating evidence not revealed prior to trial. Nor, could defense complain that exculpatory evidence was kept from [defendant], because it was shown to him and his counsel, and an opportunity given to offer it into evidence if he chose. . . .True, [defendant's] trial strategy had been burst. But, this was a strategy he undertook wholly apart from what the tape would have revealed. Nothing the State did or said prior to trial caused or led [defendant] into adopting the strategy he adopted.

*Gallion*, 517 So. 2d at 1372. Johnston's trial strategy defense of entrapment was entirely undermined or defeated when the tape was played for the jury, because it clearly demonstrated his propensity and predisposition to sell drugs. Johnston even testified about other repeated acts regarding the purchase, possession and use of marijuana. We fail to see how Johnston was prejudiced under these "unusual circumstances." In such unusual circumstances, a trial judge is free to exclude evidence or allow it, depending upon the facts of the particular case at hand in determining whether a party has been subjected to unfair surprise or ambush when a discovery violation has occurred. There is no merit to this issue.

## II.

¶12. Johnston next argues that there was insufficient evidence to prove his predisposition to commit the crime. We note at the outset that the ready commission of the crime amply demonstrates the predisposition of the accused. *Jacobson v. United States*, 503 U.S. 540 (1992)(*citing U.S. v. Sherman*, 200 F. 2d 880, 882 (CA2 1952)).

¶13. This is a question of fact, to be decided by the jury, and the applicable scope of review is limited

in nature. ***King v. State***, 530 So. 2d 1356, 1359 (Miss. 1988); ***Phillips v. State***, 493 So. 2d 350, 354 (Miss. 1986).

¶14. Johnston claims that the State offered no proof countering his defense of entrapment. However, a review of the record suggests otherwise. The best evidence offered appears to be the tape itself, which overwhelmingly suggests that Johnston was indeed predisposed to commit the crime of sale of marijuana. Additionally, Johnson's own testimony which listed other wrongful acts established his predisposition regarding drug statutes by his frequent purchase, possession, and use of marijuana. Based upon our limited standard of review, we find that there was ample evidence concerning Johnston's predisposition. There is no merit to this issue.

## III.

¶15. We next address Johnston's claim that the trial court erred for failure to give a lesser included offense instruction of simple possession of marijuana. Again we find unusual circumstances where Johnston twice confessed on the witness stand to selling marijuana to Officer David Porter. In ***Messer v. State***, 483 So. 2d 338, 340 (Miss. 1986), this Court held that the defendant was not entitled to a lesser offense instruction where Messer almost admitted to the crime. Having previously held that a defendant who "almost admits" to a crime is not entitled a to a lesser included offense instruction, this Court now holds that Johnston, who clearly admitted to the sale of marijuana, was not entitled to such an instruction. We have also held that there must be evidentiary proof in the record to support a defendant's entitlement to a lesser included offense instruction. In ***Wilson v. State***, 639 So. 2d 1326 (Miss. 1994), this Court stated:

> Wilson fails to state any evidence supporting an instruction on trespass or indicate that he argued this theory to the court or the jury. The most he can muster is that "Wilson may have been trespassing."

> As to the propriety of granting the lesser included instruction, this Court stated in ***Mease v. State***, 539 So. 2d 1324, 1329-1330 (Miss. 1989):

> We have repeatedly held that the accused is entitled to a lesser offense instruction only where there is an evidentiary basis in the record therefor. ***Lee v. State***, 469 So. 2d 1225, 1230 (Miss. 1985); ***Ruffin v. State***, 444 So. 2d 839, 840 (Miss. 1984); ***Colburn v. State***, 431 So. 2d 1111, 1114 (Miss. 1983). Such instructions should not be granted indiscriminately. ***Lee v. State***, 469 So. 2d at 1230, *see, e.g.,* ***Ruffin v. State***, 444 So. 2d at 840; ***Colburn v. State***, 431 So. 2d at 1114, nor on the basis of pure speculation. ***People v. Simpson***, 57 Ill. App. 3d 442, 448-49, 15 Ill. Dec. 463, 466, 373 N.E. 2d 809, 812 (1978)l ***Fairchild v. State***, 459 So. 2d 793, 801 (Miss. 1984).

***Wilson v. State***, 639 So. 2d at 1329.

¶16. The evidence at trial, including Johnston's admissions, supports the sale of marijuana rather than mere possession. Johnston is not entitled to a new trial because of the trial judge's denial of an instruction for simple possession of marijuana. There is no merit to this issue.

## IV.

¶17. Finally, Johnston argues that his counsel was constitutionally inadequate. The applicable standard for review in determining whether counsel was ineffective was enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984) and adopted by this Court in *Stringer v. State*, 454 So. 2d 468 (Miss. 1984). Utilizing that standard, a defendant "must prove that, under the totality of the circumstances, prejudice resulted from a deficiency in counsel's performance." *Earley v. State*, 595 So. 2d 430, 433-434 (Miss. 1992). Such alleged deficiencies must be presented with specificity and detail. *Perkins v. State*, 487 So. 2d 791, 793 (Miss. 1986).

¶18. Applying the two-prong *Strickland* test, Johnston must first prove that his counsel's performance was deficient. Johnston merely alleges two deficiencies: (1) that he was advised by counsel to admit to all of the elements of the offense in his case in chief, and (2) a deficiency regarding the admission of the tape into evidence. Johnston now argues that his defense strategy at trial serves as a basis for an ineffective of assistance claim. This Court has consistently recognized the strong presumption that counsel's decisions were within the realm of sound trial strategy. *Schmitt v. State,* 560 So. 2d 148, 154 (Miss.1990); *Wiley v. State*, 517 So. 2d 1373 (Miss.1987), *cert. denied*, 486 U.S. 1036 (1988); *Faraga v. State*, 514 So. 2d 295 (Miss.1987); *Leatherwood v. State*, 473 So. 2d 964 (Miss.1985). In the case *sub judice*, the decision to pursue a particular defense strategy at trial was clearly a strategic decision which does not amount to deficient performance. Johnston fails to overcome the strong presumption that counsel's strategy was sound and therefore fails to show deficient performance by counsel.

¶19. Additionally, there is a further requirement which Johnston must hurdle, prejudice. ". . .[C]laims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Strickland*, at 693. However, Johnston fails to make any allegations of prejudice. As in *Earley*, Johnston must affirmatively prove, not merely allege, that prejudice resulted from counsel's deficient performance. *Earley*, at 433. *See Wiley v. State*, 517 So. 2d 1373, 1378 (Miss. 1987). Johnston has failed on the second prong of *Strickland*. Having failed to meet either prong of the *Strickland* test, we find that there is no merit to the ineffective assistance of counsel claim raised by Johnson.

## CONCLUSION

¶20. The trial court did not err in failing to grant Johnston a continuance. There was more than sufficient evidence from which the jury could reject Johnston's claim of entrapment and to find that Johnston was predisposed to commit the crime of sale of less than one ounce of marijuana. The tape alone, was sufficient to overwhelmingly demonstrate Johnston's predisposition. We find that the trial court did not err in denying the lesser included offense instruction as there was no evidentiary basis for such an instruction. Under the rationale of *Messer*, and Johnston's admissions to the greater crime of sale of marijuana, there was simply no justification for a lesser offense instruction of simple possession. We find all of Johnston's alleged errors to be without merit.

¶21. **CONVICTION OF SALE OF LESS THAN ONE OUNCE OF MARIJUANA AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH PAYMENT OF FINE IN THE AMOUNT OF $2,000.00, TOGETHER WITH THE LAB FEES AND COURT COSTS AFFIRMED.**

**PRATHER, P.J., PITTMAN, ROBERTS AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS**

**IN RESULT ONLY. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND McRAE, J.**

**BANKS, JUSTICE, DISSENTING:**

¶22. In this otherwise routine drug sale case involving an eighth of an ounce of marijuana, I am compelled to dissent from the majority opinion. Because the trial court failed to give a lesser-included instruction that was warranted by the evidence, I would reverse the conviction and sentence and remand for retrial. "Where under the evidence a reasonable jury could find the defendant not guilty of the principal charge made in the indictment but guilty of a lesser included offense, the trial judge ordinarily should instruct the jury regarding the elements of that lesser included offense." ***Davis v. State***, 530 So. 2d 694, 701 (Miss. 1988) (*citing* ***Knowles v. State***, 410 So. 2d 380, 382 (Miss. 1982)) ; ***Ruffin v. State***, 444 So. 2d 839, 840 (Miss. 1984).

¶23. As the majority notes, Johnston doubtlessly possessed marijuana. However, he made no claim that he had been entrapped into committing the crime of *unlawful possession*. On the evidence that was presented, however, a jury could have rationally found that he had been entrapped into *selling* such a paltry amount of marijuana that he admittedly possessed. The majority makes much of the fact that Johnston took the stand in this case and admitted that he sold the marijuana in question to Officer Porter. The majority reasons that since he admitted to selling the drugs, he was not entitled to an instruction on mere possession. Johnston's admissions, however, do not preclude a conviction for mere possession since he argued that he was entrapped into making the admitted sale. Indeed, defendants until quite recently, were *required* to admit the facts of the charged crime before they could deploy the defense of entrapment. ***Hopson v. State,*** 625 So. 2d 395, 399 (Miss. 1993) (emphasis added) (noting previous rule "[e]ntrapment as a defense is not generally available if the accused denies the offense with which he is charged"). Although that rule was relaxed, and criminal defendants are no longer required to admit to all of the elements in the crime charged in order to claim entrapment, this Court has never held that a defendant *may not* admit the elements of the crime charged and subsequently attempt to assert entrapment. Indeed, such a rule would be completely illogical: a jury must find that a defendant committed the crime charged in order to find that he was entrapped to do so, and therefore his admission of such, if offered, would serve as a stipulation to those facts, not a refutation or other disputation that would contradict the entrapment defense.

¶24. That said, I reiterate my view that Johnston was fully entitled to an instruction on simple possession on this record. Johnston did offer the jury some evidence of entrapment; indeed, he offered enough evidence to require the judge to grant the jury an instruction on his entrapment defense. If believed by the jury, the entrapment defense would have undermined the sale charge. Since the jury was allowed by this entrapment instruction to conclude that Johnston was entrapped to sell the informant the marijuana, it should accordingly have been allowed to conclude that Johnston was guilty only of mere possession. The evidentiary basis for the simple possession instruction that was denied is the same as the basis for the entrapment instruction that was given; indeed, the only way that the jury could have concluded in this case that Johnston was guilty of possession of marijuana would be if it believed that he had been entrapped into committing the sale. The trial court's failure to grant the lesser-included possession instruction put the jury in the position of having to set someone free who had clearly committed the crime of possessing the marijuana, if they

believed that he had been entrapped to sell it. In my view, therefore, Johnston was plainly entitled to the simple possession instruction.

¶25. The trial court's failure to instruct the jury that it could have convicted Johnston of simple possession when the evidence clearly supported that charge compels a reversal of his conviction, and because the majority fails to do so, I must dissent.

**SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**