KING, P.J.,
for the Court:
¶ 1. Derrick Jones (Jones) was convicted of murder by the Circuit Court of Bolivar County and sentenced to serve life imprisonment in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Jones has perfected this appeal and raises the following issues which are taken verbatim from his brief: 1) the court erred in not giving the jury instruction on manslaughter thereby failing to fully instruct the jury of the law; 2) the court erred in refusing Defendant’s jury instructions thereby failing to fully instruct the jury concerning the law on this matter; 3) the court erred in not allowing the defense to recall Temperiss Harris during its case in chief thereby denying the defendant a fair trial; 4) the court erred when it did not specifically instruct Nathaniel Williams not to discuss *965 his testimony with anyone, especially Rico Calvin, who had not yet testified; 5) the verdict of the jury is not only against the overwhelming weight of the evidence, but it is evidence of bias and or prejudice on behalf of the jury.
¶ 2. Finding merit in Jones’s first issue, this Court reverses and remands for new trial.
FACTS
¶ 3. On October 1, 1996, the Grand Jury of Bolivar County charged Jones, Jarico Calvin and Nathaniel Williams, Jr. with capital murder. The trial of this matter began on January 12,1998. Williams, Calvin, Termperiss Harris and Courtney Harris testified for the State. Williams testified that on March 24, 1996, he, Jones and Calvin traveled from their home in Clarks-dale, Mississippi to Shelby, Mississippi for the expressed purpose of purchasing drugs from Michael Terry. Upon entering Terry’s home, Jones sat with Terry at the kitchen table to discuss the purchase. Williams and Calvin sat in the living room area. Williams could not see Jones or Terry. Having talked to Terry, Jones then returned to the living room area. Terry called Jones back to the kitchen where they continued negotiation. Shortly thereafter, Williams heard what sounded like a struggle, followed by a gun shot. Williams then ran out of the apartment.
¶ 4. Calvin, who could see into the kitchen, testified that Jones pulled a gun from his front pants pocket. Terry then ran toward Jones. Calvin ran from the apartment when Jones pulled the gun. Both he and Williams ran outside in an attempt to leave.
¶ 5. Temperiss Harris observed Jones and Terry struggle over the gun. Jones gained control of the gun and used it to hit Terry on the head. Temperiss Harris testified that she heard approximately seven shots, after which Terry fell to the floor. She then observed Jones take money out of Terry’s pants pocket before running from the apartment.
¶ 6. Courtney Harris identified Jones in court. She watched Jones and Terry struggle over the gun and witnessed Jones shoot and rob Terry prior to leaving the apartment.
¶ 7. At the conclusion of the State’s case, Jones moved for a directed verdict which was denied. Jones testified that after negotiating a drug purchase with Terry, Terry suddenly pointed a gun at him and told him to leave. Jones attempted to pick up his money from the table but Terry refused to allow him to retrieve the money. At that point, Jones and Terry struggled over the gun. During the struggle, several shots were fired. Jones testified that another person entered the kitchen and began shooting. As a result, Jones left his money and ran out of the apartment.
¶ 8. After Jones testimony, the defense rested. Jones was found guilty of murder and sentenced to life in the custody of the Mississippi Department of Corrections. After Jones’s post trial motions were denied, this appeal followed.
ANALYSIS AND DISCUSSION OF THE LAW
¶ 9. Because this Court finds merit in Jones first issue and reverses for a new trial, it is unnecessary to address the other issues.
I.
The court erred in not giving the jury instruction on manslaughter thereby failing to fully instruct the jury of the law.
¶ 10. Jones argues that the trial court erred by failing to grant a jury instruction on manslaughter. Without a manslaughter instruction, Jones contends, the jury was not properly advised of the law applicable to his defense and a reversal is therefore warranted.
¶ 11. Jury instructions that present the defendant’s theory of the case should be granted. Heidel v. State, 587 So.2d 835, 842 (Miss.1991). However, the *966 instructions must be a correct statement of the law, must not be covered by other instructions and must be based on the evidence. Id. “Where the evidence is conflicting as to who is the aggressor in a fight during which one of the participants is killed by the other, a manslaughter instruction is proper.” Martin v. State, 112 Miss. 365, 78 So. 64 (1916). See Ruffin v. State, 444 So.2d 839 (Miss.1984). The State and Jones offered conflicting evidence as to who initiated the struggle. Calvin testified that Jones was the aggressor. Jones testified that Terry was the aggressor.
¶ 12. In deciding to grant or deny an instruction, the threshold question is whether there is evidence in the record to support the requested instruction. Gibson v. State, 731 So.2d 1087 (¶ 17) (Miss.1998). The testimony of Jones was sufficient to require the granting of an instruction on manslaughter. Whether Jones’s claim of manslaughter was credible was a matter to be determined by the jury. Stevenson v. State, 733 So.2d 177 (¶37) (Miss.1998). Finding the trial court erred in denying Jones’s requested manslaughter instruction, this Court reverses and remands for a new trial.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS ARE ASSESSED AGAINST BOLIVAR COUNTY.
McMILLIN, C.J.„ BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.