995 So.2d 847 (2008)
Reggie Andre CARTER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01318-COA.
Court of Appeals of Mississippi.
November 25, 2008.
Christopher A. Collins, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., CHANDLER and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On July 13, 2007, a jury in the Neshoba County Circuit Court found Reggie Andre Carter guilty of aggravated assault. Carter was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections. Aggrieved, Carter now appeals, asserting the following issues: (1) the trial judge erred in excluding testimony regarding the victim's conduct after the aggravated assault, *848 and (2) the trial judge erred in refusing to grant a simple assault jury instruction. Finding no error, we affirm.

FACTS
¶ 2. On January 30, 2007, India[1] Lyons was sitting in her car outside her place of work in Philadelphia, Mississippi, taking her lunch break. Carter, Lyons's live-in boyfriend and father to her child, approached Lyons's car and got into the front passenger seat. Lyons testified that she and Carter had been arguing that morning. Lyons stated that Carter had been calling her cell phone all morning, but she had refused to answer his calls. When Lyons took her lunch break, she returned Carter's calls. They began arguing, and Lyons told Carter to move out of their house. While the two were arguing, Carter arrived at Lyons's place of work and proceeded to get into her car.
¶ 3. After Carter got into Lyons's car, the two began to argue again. Carter began to strike Lyons with his fist, first in the right eye and then repeatedly on her face and upper body. Lyons testified that her right eye was swollen shut; she had a cut over her left eye; her lips were burst; and she could hardly see because of all the blood on her face. Lyons also stated that, as he repeatedly beat her, Carter was insulting her and calling her derogatory names. At one point, Carter stepped out of the car, walked over to the driver's side, and pulled Lyons out of her car by her legs. Carter then continued to beat her. Lyons thought that Carter also kicked her repeatedly. Lyons testified that Carter said, "You're going to need the [L]ord, bitch, because I'm going to kill you." Carter eventually left, and Lyons called for help.
¶ 4. Lyons was taken to the hospital for treatment. Lyons received a broken arm, multiple lacerations, and serious injury to her right eye. Lyons testified that her broken arm would not heal properly, and she had to get pins put in it. Lyons also stated that she was still seeking medical treatment for the damage to her right eye. In regard to the damage to her right eye, Lyons testified that "it's still off somewhat."
¶ 5. Officer Marsha Barvetta, a sergeant with the Philadelphia Police Department, went to the hospital to interview and photograph Lyons. Officer Barvetta testified that Lyons had a deep laceration over her left eye; her right eye was very swollen and bruised; and her left forearm was swollen, bruised, and "kind of out of shape looking." Officer Barvetta also felt numerous contusions on the back of Lyons's head. Officer Barvetta testified that Lyons "was in fear for her life."

DISCUSSION

I. DID THE TRIAL JUDGE ERR IN EXCLUDING TESTIMONY REGARDING THE VICTIM'S CONDUCT AFTER THE AGGRAVATED ASSAULT?
¶ 6. In his first issue on appeal, Carter argues that the trial judge erred in excluding testimony regarding Lyons's conduct after the aggravated assault. Carter contends that Lyons's continued intimacy with him after the assault might be relevant in assessing her veracity. Carter appears to conclude that Lyons's actions after the assault indicate that the attack was not as violent as she described.
¶ 7. "The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may *849 be had only where that discretion has been abused." Johnston v. State, 567 So.2d 237, 238 (Miss.1990). According to Rule 401 of the Mississippi Rules of Evidence, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The trial judge would not allow this testimony into evidence finding that any subsequent fraternization between Lyons and Carter was irrelevant. The trial judge stated that this crime was committed not only against this victim but also against the laws of the State of Mississippi. As Carter has cited no relevant authority for us to determine otherwise, we cannot find that the trial judge abused his discretion in excluding this particular testimony. This issue is without merit.

II. DID THE TRIAL COURT ERR IN REFUSING TO GRANT A SIMPLE ASSAULT JURY INSTRUCTION?
¶ 8. In his other issue on appeal, Carter argues that the trial judge should have granted his simple assault jury instruction. Carter contends that a lesser-included-offense instruction should have been given for the jury to consider simple assault.
¶ 9. In reviewing the denial of a jury instruction, the appellate court must consider not only the denied instruction but all of the instructions which were given to ascertain if error lies in the refusal to give the requested instruction. See Coleman v. State, 697 So.2d 777, 782 (Miss. 1997). The defendant is entitled to have instructions given that present his theory of the case unless an instruction "incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Livingston v. State, 943 So.2d 66, 71 (¶14) (Miss.Ct.App. 2006). Furthermore, "lesser-included[-]offense instructions should not be indiscriminately granted. Rather, they should be submitted to the jury only where there is an evidentiary basis in the record therefor." Lee v. State, 469 So.2d 1225, 1230 (Miss.1985).
¶ 10. Carter was indicted pursuant to Mississippi Code Annotated section 97-3-7(2)(b) (Supp.2007), which states that "[a] person is guilty of aggravated assault if he... (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm...." In denying Carter's request for a jury instruction on simple assault, the trial judge found that the evidence did not support simple assault. The trial judge stated, "I find no evidence of [simple assault]. I find evidence of somebody beaten unmercifully.... [The victim had a] broke[n] arm, hospital bills, permanent injuries, [and] medical treatment going on now for seven months after the accident." We cannot find that the trial judge erred in denying Carter's request for a simple assault jury instruction. This issue is without merit.
¶ 11. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] In the record, India's name is also spelled "Endia." For consistency, we will use "India."