BROADSTREET *v.* STATE.

In Banc. April 10, 1950.

No. 37403 (45 So. (2d) 590)

Sims & Sims, and L. W. Brown, for appellant.

George H. Ethridge, Acting Attorney General, for appellee.

Alexander, J.

Appellant was indicted and convicted under Section 13, Chapter 207, Laws 1946, Code 1942 Supplement, Section 7185-13, which makes punishable as a misdemeanor "any . . . person who wilfully commits any act . . . which . . . contributes to or tends to contribute to the neglect or delinquency of any child as defined in this act . . .". A child is defined by the act to be a person who is less than 18 years of age. The indictment charges that the appellant "did wilfully and unlawfully contribute to the delinquency of one C. L. Hutcherson, a male child below the age of 18 years, by employing and paying him, the said C. L. Hutcherson, to unlawfully sell and deliver whiskey", and further alleged that this tended to contribute to the delinquency of said minor in violation of the statute referred to.

The minor testified that he was 16 years of age and worked for the appellant for one or two months at the "82 Club" operated by appellant and was paid by him $30 per week. He testified that he sold whiskey for appellant under instructions from the latter as to price and other details. Two other witnesses testified that they had seen the minor on duty at the "82 Club" during that period.

The errors assigned are: The denial of the directed verdict for the defendant, failure to quash the panel, undue pressure upon the jury to reach a verdict, refusal to grant an instruction for the State, and the denial of the motion to exclude the testimony of the minor.

The first and last assignments involve the same question as to the sufficiency of the evidence. We see no reason why the jury could not have accepted the testimony of this witness, and we hold upon this case of first impression under the statute that an employment of a minor under the age of 18 years to commit or aid in the commission of a misdemeanor constitutes a contribution to his delinquency.

 The second assignment was based upon the incident that the trial judge in sentencing a defendant in a case immediately preceding the trial of the appellant, and which involved similar circumstances, stated that he "was giving him the fine of $500 and six months in jail because I was interested in that class of boys and girls, the protection of that class of boys and girls". It is contended that this comment by the judge unduly magnified the turpitude of the offense and implied an admonition to succeeding juries to deal harshly with similar cases. We do not think so. It would have been a proper admonition in a charge to a grand jury in the presence of other prospective petit jurors and dealt with a phase of the conviction, to wit, the degree of punishment with which the trial jury had no concern. Moreover, the evidence of appellant's guilt is undisputed.

 Another assignment is based upon an allegation that "the lower court erred in ordering the jury to retire to the jury room at 6 o'clock P.M., keeping them in said room until almost 8:00 P.M. without supper, or asking them if they desired supper, which fact compelled some of the jurors to vote for a verdict of guilty in order that they might get away from the courthouse to obtain supper". Apart from the evident difficulty of evaluating the degree of pressure thereby imposed upon the jurors and a possible tendency in them to be moved by hunger rather than their oath, the record is silent as to the existence of any of the facts upon which this contention is predicated. No bill of exceptions was invoked to reproduce these circumstances.

 The argument that the minor was working in the place of one Crocker, who furnished the money for his salary, loses point in face of his testimony that he was actually paid by appellant and that the gravamen of the offense is his employment to sell whiskey for and at the place of appellant.

Appellant raises also the question of the allowance of an instruction for the State. This instruction while it did not follow the exact language of the indictment, nevertheless sufficiently followed the statute and defined the offense. There were other matters argued which were not assigned for error and which we do not discuss.

Affirmed.