HALL *v.* STATE.

Division A.   Mar. 5, 1951.

No. 37812 (50 So. (2d) 924)

Earle L. Wingo, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

Lee, J.

This case originated in the county court. Henry Hall was charged, under Section 13, Chap. 207, Laws of 1946, Code of 1942 Supplement, Section 7185-13, with contributing to the delinquency of Rebecca Burkhalter, a minor. There was a jury verdict of guilty. The trial court sentenced him to pay a fine of $500 and serve six months in jail, one-half of which sentence was suspended during his good behavior. The circuit court affirmed; and Hall has appealed here.

Rebecca Burkhalter was sixteen years old. She was married when she was thirteen years of age, but this relation lasted only two days, and the marriage was annulled. Her father and mother were separated, and she was living with relatives.

Appellant operated a cafe in the City of Hattiesburg. On March 15, 1949, he gave Rebecca a job. She worked during that day. Before closing time, she joined with appellant and another man and woman in drinking some beer. After closing, the foursome went to two liquor joints, procured liquor, and all of them took drinks. Thereafter, about 1:00 or 1:30 in the morning, the appellant took the party to his home, and more liquor was consumed. By that time, Rebecca was drunk. Dirty stories were told, and appellant embraced her. She testified that, when she got in bed, she was dressed, but when she waked up, most of her clothes were off. Somebody reported a disturbance to the police department. When the officers entered the place, they found whiskey glasses, Coca-Cola and a bottle with some whiskey in it. Rebecca was in bed with her skirt off, and in a drunken condition.

The acts contributing to the delinquency were alleged to be aiding her in acts of lewdness, assignation and immoral conduct. The affidavit was amended to add public drunkenness as an additional act.

■■ Error is assigned in the refusal of two instructions which were requested by the appellant. The first of these was a peremptory to the effect that there was no evidence to sustain the charge against the appellant as to lewdness, assignation and immoral conduct, while the second announced the proposition that public drunkenness cannot be committed in a private home. Both of these instructions were properly refused. The statement of facts rejects the right of any such announcements. The evidence clearly showed that the appellant was aiding, assisting, encouraging and abetting the child to acts of lewdness, assignation, immoral conduct and drunkenness.

■■ Appellant also complains at the amendment of the affidavit. Now, the original affidavit must be considered as sufficient inasmuch as no demurrer was filed. Section 2449, Code of 1942; Wampold v. State, 170 Miss. 732, 155 So. 350; Sullivan v. State, 150 Miss. 542, 117 So. 374. Of course it was amendable. This record fails to disclose any evidence as to surprise. There was no motion for a continuance. There was no process for additional witnesses. As a matter of fact, the appellant offered no evidence at all; and there was no motion for a new trial.

■■ Sections 1511 and 1512, Code of 1942, provide for amendments in the circuit court and for ample power to prevent surprise, prejudice or undue advantage. The county court is in a like situation in this regard. Section 1607, Code of 1942.

The amendment comported with the charge of delinquency. Compare Broadstreet v. State, 208 Miss. 789, 45 So. (2d) 590, where this Court held that the employment of a minor under the age of eighteen years to sell

liquor constitutes a contribution to the minor's delinquency.

Affirmed.