MATTHEWS *v.* STATE.

No. 41762          January 23, 1961          126 So. 2d 245

*Noel W. Buckley,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Mrs. Bobbie Matthews, was originally convicted in a justice of the peace court of contributing to the neglect of her minor child, a misdemeanor under Miss. Code 1942, Rec., Sec. 7185-13. She appealed to the County Court of Hinds County, and another jury found her guilty. An appeal on the record was taken to the circuit court, which affirmed the county court. Appellant challenged the statute as unconstitutional, so the circuit court granted an appeal here. See Code Sec. 1617.

Code Sec. 7185-13 provides: "Any parent, guardian or any other person who wilfully commits any act or omits the performance of any duty which act or omission contributes to or tends to contribute to the neglect or delinquency of any child as defined in this act, . . . shall be guilty of a misdemeanor,. . . ."

In *pari materia* with the above statute is the definition of neglected child in Code Sec. 7185-02 (h): " 'Neglected child' means a child whose parent, guardian or custodian, or any person legally responsible for his care or support, neglects or refuses when able so to do, to provide for him proper or necessary care or support,

or education as required by law, or medical, surgical or other care necessary for his well-being;. . . .''

■■■ The jury was amply warranted in finding that appellant delivered her seven-months' old daughter to a nursery without fully informing its representatives as to the child's health, and her need of regular, daily medication of a digitalis preparation for a weak heart. The child was ill and under the care of a doctor. She had not had medication since Wednesday before appellant took her to the nursery on Saturday, and two more days transpired before the owner of the nursery, being unable to locate appellant, took the baby to a hospital. There was a resultant enlarged heart. Defendant's conduct indicated at the least a negligent and careless attitude towards the care and well-being of her child. She admitted she was able to provide the medicine. She failed to do so. She neglected to provide the proper medical care necessary for the child's well-being.

■■■ The failure of a parent or person in loco parentis to furnish proper medical treatment to a child is a criminal offense in most jurisdictions. The correct rule requires the furnishing of medical treatment in such a manner and on such occasions as an ordinarily prudent person, solicitous for the welfare of his child and anxious to promote its recovery, would provide. 39 Am. Jur., Parent and Child, Sec. 113; 67 C. J. S., Parent and Child, Sec. 92b, page 825.

Broadstreet v. State, 208 Miss. 789, 45 So. 2d 590 (1950), was the first decision under Sec. 7185-13. Defendant employed a 16 year old minor to sell whiskey. It was held that such employment to commit or aid in the commission of a misdemeanor constitutes a contribution to the child's delinquency.

In Hall v. State, 211 Miss. 90, 50 So. 2d 924 (1951), a 16 year old girl was induced by defendant to become drunk, following which he seduced her. The conviction was affirmed, because defendant had aided, assisted,

encouraged and abetted her to acts of lewdness, assignation, immoral conduct and drunkenness. See also Stewart v. State, 52 So. 2d 485 (Miss. 1951). Mays v. State, 216 Miss. 631, 63 So. 2d 110 (1953), involved a conviction under this statute of a father who permitted and used his minor son to assist him in loading and distributing intoxicating liquors.

There do not appear to be any cases in this State dealing with a charge under Sec. 7185-13, the failure to provide medical treatment for a child, as contributing to the neglect of a child. However, a case which is relevant to this question is Eggleston v. Landrum, 210 Miss. 645, 50 So. 2d 364 (1951). The Egglestons petitioned for the adoption of a minor child, the court found they were fit and proper, but, since they were Christian Scientists, they were not suitable persons to adopt it. Petitioners testified that they had provided and would continue to provide adequate medical treatment for the child. Hence this Court reversed the chancery decree, and awarded the adoption to petitioners. Discussing the obligation of parents to give medical treatment to a minor, the Court cited Section 7185-13 in support of the following statement: "However, necessary surgical and medical care falls into the same category as necessary subsistence; and a child, who is not supplied with such care, becomes 'neglected' within the meaning of our law; and penalties may be imposed against parents who omit the performance of their duty in such respect."

In prosecutions for this misdemeanor, the youth court does not supersede the regular criminal courts of the State, as appellant contends. Code Section 7185-13 states the offense is a misdemeanor and provides for the punishment. The four earlier cases cited above have sustained convictions under this act from courts other than the youth court. Nor is there any merit in the alternative contention that the failure of the title to the act to specifically mention this offense invalidates

Section 7185-13, under Miss. Constitution Section 71, requiring every bill to have a title and to indicate its subject matter. That requirement is directory to the legislature, not mandatory. ■■ ■ Moreover, the Youth Court Act contains thirty sections. Miss. Laws 1946, Chapter 207. Section 13, creating the misdemeanor, is an ancillary and supplementary manner of dealing with cases of child neglect and delinquency.

■■ ■ Reading together all of the instructions given the jury, we do not find any reversible error in them. In fact, one of the instructions for appellant placed a heavier burden upon the State, as to one of the elements of the offense, than appellant was entitled to have. There is no merit in the other contentions.

Affirmed.

*Lee, Arrington, McElroy* and *Rodgers, JJ.,* concur.