MATTIE HARRIS AND MITTIE COLEMAN *v.* STATE

No. 41800          April 24, 1961          129 So. 2d 372

*Stanford Young,* Waynesboro, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

The question here is whether the youth court has jurisdiction over the trial of misdemeanors in which a person is charged with contributing to the delinquency of a minor. We hold that it does not, in view of the plain terms of the relevant statutes. Therefore it is not necessary to pass upon any constitutional issues.

The County Attorney of Wayne County filed in the Youth Court Division of the Chancery Court a "bill of complaint", in which he charged that the appellants, Harris and Coleman, are adults, and that these defendants contributed to the delinquency of three named minors by selling to them beer and whiskey, in violation of Miss. Code 1942, Rec., Sec. 7185-13. At the hearing before the Youth Court Judge, without a jury, the three minors, two of whom were fifteen years of age and one thirteen years, testified that on a Saturday night they went to the picture show, and then to the home of Harris, and purchased three quarts of beer, which they drank. Later they went to Coleman's home and purchased two pints of whiskey, which they drank. They became quite sick. After their parents learned of the escapade, they and the sheriff got them to return to Harris' place and purchase some more beer, and to Coleman's place and purchase some more whiskey. Following that, the "bill of complaint" herein was filed by the county attorney.

Defendants were not represented by counsel. Harris pleaded guilty to the charge, and asked for mercy. The trial court dictated into the record a statement that defendant Coleman was unable to come to court, so the court went to her home. No transcript of testimony was taken there, but the court advised her she did not have to testify. He questioned the three minors as to whether this was the place, and person from whom they obtained the whiskey. Coleman admitted that someone came to her house on Sunday morning, but denied she had seen the minors in question. However, the court found that on each occasion they purchased whiskey from Coleman.

The final decree adjudicated that defendants were personally served with process on May 31. The hearing was held on June 4, four days after the purchase, on the charge of contributing to the delinquency of the minors. The decree found both defendants to be "guilty as charg-

ed'', fined each of them $250, and sentenced them to 90 days in the county jail.

The first statute in this state creating the specific misdemeanor of contributing to the neglect or delinquency of a child was Sec. 13 of Ch. 207, Laws of 1946. This is the present Miss. Code 1942, Rec., Sec. 7185-13, which provides: ''Any parent, guardian or any other person who wilfully commits any act or omits the performance of any duty which act or omission contributes to or tends to contribute to the neglect or delinquency of any child as defined in this act, . . . shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed $500.00, or by imprisonment not to exceed six months in jail, or by both such fine and imprisonment. Nothing contained in this section shall prevent proceedings against such parent, guardian or other person under any statute of this state or any municipal ordinance defining any act as a crime or misdemeanor; provided that nothing in the provisions of this act shall preclude a father, mother or guardian of any child from having a right to trial by jury when charged with having violated the provisions of this section.''

Prior to 1946, apparently the only statutes pertaining to offenses for contributing to the delinquency of a minor were specific criminal provisions, making it a misdemeanor to gamble with a minor, Code 1942, Secs. 2198, 2199; to sell to a minor tobacco, Sec. 2055, poisons, Sec. 2325, and marijuana, Sec. 2282; and to permit a minor to remain in a pool room or billiard hall, Sec. 2331. The Juvenile Court Act of 1940 contained no provision on the general offense. See Miss. Laws 1940, Ch. 300. Section 13 of the 1946 Youth Court Act, Ch. 207, quoted above, for the first time specifically made it a crime, in general terms, for any person to contribute to the neglect or the delinquency of a child.

The apparent confusion as to its effect, as indicated by the nature of the instant case, arises from the fact

that this Sec. 13 is one out of the thirty sections in the 1946 Youth Court Act. However, in five previous cases, this Court has affirmed convictions based upon Sec. 13 as an independent statute creating a specific misdemeanor. Broadstreet v. State, 208 Miss. 789, 45 So. 2d 590 (1950), held that Sec. 13 created a misdemeanor. Appellant was indicted for the offense. Hall v. State, 211 Miss. 90, 50 So. 2d 924 (1951), and Stewart v. State, 52 So. 2d 485 (Miss. 1951), were based upon affidavits originating in the county court. Both recognized an offense under Sec. 13 as a misdemeanor. Mays v. State, 216 Miss. 631, 63 So. 2d 110 (1923), was based on an affidavit originating in a justice of the peace court.

Matthews v. State, 126 So. 2d 245 (Miss. 1961), was based on a similar affidavit. The decision is in point here. Appellant attacked the validity of her conviction, asserting that the statute placed jurisdiction of prosecutions under it in the youth court, and not in the regular criminal courts of the state. In response, the Court said: ''In prosecutions for this misdemeanor, the youth court does not supersede the regular criminal courts of the State, as appellant contends. Code Section 7185-13 states the offense is a misdemeanor and provides for the punishment. The four earlier cases cited above have sustained convictions under this act from courts other than the youth court. Nor is there any merit in the alternative contention that the failure of the title to the act to specifically mention this offense invalidates Section 7185-13, under Miss. Constitution Section 71, requiring every bill to have a title and to indicate its subject matter. That requirement is directory to the legislature, not mandatory. Moreover, the Youth Court Act contains thirty sections. Miss. Laws 1946, Chapter 207. Section 13, creating the misdemeanor, is an ancillary and supplementary manner of dealing with cases of child neglect and delinquency.''

■ ■ In summary, the five decisions by this Court with reference to Sec. 13 hold that it creates the offense as a misdemeanor and is a separate offense. It constitutes an "ancillary and supplementary" method of dealing with juvenile delinquency. The Youth Court Act does not supersede the regular criminal courts of the state in prosecutions under Sec. 13.

■ ■ This is consistent with the terms of that section, and with other provisions in the 1946 Youth Court Act. For example, Sec. 3 states "except as otherwise provided herein", the youth court has exclusive original jurisdiction of delinquent or neglected children. The jurisdiction of that court is over "any child". Sec. 4. Proceedings in "all cases of children" are of a civil nature. Sec. 8. Section 12 is the only provision concerning punishment of adults. Under it any person who has contributed to the neglect or delinquency of a child may be required by the court to do or omit to do any acts reasonable and necessary for his welfare. Failure thereafter to comply with such requirements is contempt of court. The last sentence of Sec. 12 states that nothing in it shall preclude proceedings against any person under any criminal statute of the state or municipality. See also Sec. 16, amended by Miss. Laws 1958, Ch. 236. And Sec. 13 itself states it does not preclude a parent or guardian from the right to a trial by jury.

In short, the provisions of Sec. 13 of the Youth Court Act, and the other limiting provisions of that legislation, reflect a legislative intent to provide a criminal statute creating a specific misdemeanor, which must be enforced in the regular criminal courts of the state. It cannot be enforced by the youth court through a petition under Secs. 5 and 8. Under Miss. Constitution Secs. 26, 27 and 31, a person charged with an offense under Sec. 13 of the act must be proceeded against by affidavit or indictment in the traditional way, with a right to trial by jury.

■■■ This conclusion is consistent with the statutes and decisions elsewhere on related issues. Proceedings for contributing to the delinquency or neglect of children are criminal in their nature, "and consequently the ordinary rules of criminal procedure must be observed." Such prosecutions are usually instituted upon information, affidavit or indictment. 31 Am. Jur., Juvenile Courts, Secs. 93, 97.

In view of this interpretation of the act, we do not reach any constitutional issues. We hold that the conviction of appellants by the Youth Court Division of the Chancery Court was beyond its jurisdiction and invalid. Hence the decree of that court is reversed and judgment is rendered here dismissing the petition or "bill of complaint" of the county attorney, and discharging appellants. We do not consider or decide here the merits, if any, of criminal charges against appellants under Sec. 13, which might be filed by the proper authorities, in the proper manner, and in a court with jurisdiction over such offenses.

Reversed and judgment rendered for appellants.

*Lee, P.J.,* and *Arrington, McElroy* and *Rodgers, JJ.,* concur.