William Eugene LEE, Petitioner,

v.

Wallace GILL, et al., Respondents.

Doris D. NATION, Petitioner,

v.

Wallace GILL, et al., Respondents.

Civ. A. Nos. S86-0733(G), S86-0734(G).

United States District Court,
S.D. Mississippi, S.D.

Jan. 14, 1987.

Elizabeth A. Broome, Boyce Holleman, Gulfport, Miss., for petitioners.

Harold H. Brittain, Office of Atty. Gen., Jackson, Miss., for respondents.

## MEMORANDUM OPINION

GEX, District Judge.

Petitioners William Eugene Lee and Doris D. Nation have respectively filed petitions for writs of habeas corpus under 28 U.S.C. Section 2254. Petitioner Lee is currently serving a one-year term of imprisonment at the Jackson County Adult Detention Center as a result of having been convicted of Contributing to the Delinquency of a Minor under Miss.Code Ann. Section 97–5–39 (Supp.1985). Petitioner Nation was likewise convicted, sentenced and incarcerated for having committed offenses under the same statute but was released on bail pursuant to an Order from this Court dated August 8, 1986, pending a final determination on her petition. For the reasons that follow, the Court is of the opinion that both petitions should be dismissed with prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 1, 1982, Petitioners were each convicted on six charges of Contributing to the Delinquency of a Minor in the County Court of Jackson County, Mississippi, following a non-jury trial conducted June 28, 1982. Testimony and other evidence received at the hearing showed that on past occasions minors were allowed to purchase beer from a vending machine located inside a Gautier, Mississippi, game and recreation room with the knowledge of Petitioners, proprietors of the establishment. Witnesses at the hearing included the Jackson County District Attorney, an investigator with the District Attorney's office, a Jackson County Constable, two enforcement agents with the state's Alcoholic Beverage Control Division and two minors who purchased beer from the machine on separate occasions. Petitioners' motion for a directed verdict at the close of the prosecution's case-in-chief was overruled. Petitioners were fined a monetary sum and sentenced to one year's imprisonment on each of their six respective charges with the one-year term and a portion of the fine for each charge being suspended and Petitioners placed on probation.

Petitioners appealed the ruling of the County Court, assigning four alleged errors. Two of the assignments of errors included (1) the trial court's alleged error in allowing the District Attorney's office to both prosecute and testify against the Defendants, and (2) the trial court's alleged error in failing to grant a directed verdict as the overwhelming weight of the evidence was contrary to the finding of guilt. The Circuit Court reversed the County Court's decision on four charges as to each Petitioner but affirmed the lower court's ruling as to the two remaining charges. (Cause Nos. 82–127C and 82–138C for Lee, 82–131C and 82–139C for Nation).

Petitioners, by and through the same counsel who had represented them in the previous proceedings, appealed the Circuit Court's ruling to the Mississippi Supreme Court and raised only one assignment of error, viz., the District Attorney's alleged dual role as both witness and prosecutor. (Cause No. 55,210). On January 29, 1986, the Mississippi Supreme Court affirmed *per curiam* the convictions of Petitioners and thereafter issued a mandate affirming said convictions to Jackson County Circuit Court.

On April 8, 1986, Jackson County Court Judge Bill Jones revoked Petitioners' suspended sentences and ordered each to begin serving a one-year sentence commencing April 11, 1986.

On April 29, 1986, Petitioners, by and through their present counsel, filed motions under Miss.Code Ann. Section 99–39–1, et seq. (Supp.1985), the Mississippi Uniform Post-Conviction Collateral Relief Act, raising as grounds for relief the alleged violation of Petitioners' due process rights in that the convictions rested upon insuffi-

cient evidence to satisfy the statutory elements of Miss.Code Ann. Section 97–5–39 (Supp.1985). On May 21, 1986, the Mississippi Supreme Court overruled the motions without a written opinion.

On June 25, 1986, Petitioners filed the instant petitions for a writ of habeas corpus stating as grounds both the aforementioned assignment of error made by prior counsel to the Mississippi Supreme Court on direct appeal and the claim of insufficiency of the evidence presented to the Mississippi Supreme Court by present counsel in Petitioners' petitions for post conviction collateral relief. In their initial petitions to this Court, the Petitioners did not raise ineffective assistance of counsel as an independent ground for relief, but rather as a method for showing cause and prejudice in an attempt to overcome a procedural bar and have this Court decide the insufficiency of evidence ground on the merits. This Court heard oral argument on the petitions on August 7, 1986, and granted Petitioners ten (10) days from that date to file any additional motions for post-conviction relief in the Mississippi Supreme Court so that Petitioners would have the opportunity to exhaust all claims asserted in the instant petitions. Specifically, this Court held the petitions in abeyance to afford the Petitioners an opportunity to go back to the Mississippi Supreme Court and raise ineffective assistance of counsel as an independent basis for relief. Thereafter, on August 15, 1986, Petitioners filed such motions in the Mississippi Supreme Court asserting as grounds for relief a violation of their right under the Sixth Amendment to effective assistance of counsel. Petitioners' motions cited their previous counsel's failure to raise insufficiency of the evidence as an assignment of error on direct appeal. The motions were dismissed without comment on September 3, 1986, and October 1, 1986, as to Petitioners Lee (Misc. No. 2179) and Nation (Misc. No. 2178), respectively. Respondent's Motion to Clarify Order in Misc. No. 2179, filed September 18, 1986, which represented the

Attorney General's attempt to have the Mississippi Supreme Court explain whether their decision was made on the basis of a procedural bar or on the merits, was overruled without comment by the Mississippi Supreme Court on September 24, 1986.

This Court entered an Order on November 19, 1986, allowing Petitioners leave to amend their original petitions for writs of habeas corpus. Petitioners' amended petitions now allege two grounds for relief: (1) denial of Petitioners' due process rights as guaranteed under the 14th Amendment to the United States Constitution resulting from a conviction totally devoid of evidentiary support, and (2) Petitioners were denied the effective assistance of counsel on appeal as guaranteed by the Sixth Amendment to the United States Constitution.

## II. LAW AND ANALYSIS

### A. Insufficiency of the Evidence

■ Respondents argue, and this Court agrees, that Petitioners are procedurally barred from review by this Court of their first claim that their convictions were obtained based upon insufficient evidence unless "cause" and "prejudice" are shown.[1] *U.S. v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). By failing to raise a challenge to the sufficiency of the evidence in Petitioners' direct appeal to the Mississippi Supreme Court, Petitioners were deemed to have accepted the lower court's determination on the matter.

■ Mississippi law strictly upholds and recognizes the procedural bar to claims not raised on direct appeal as an "adequate and independent" ground. Such has been the case since before Petitioners' notice of appeal from Jackson County Circuit Court was filed on September 28, 1983, and their assignment of error filed on January 20, 1984. *Edwards v. Thigpen,* 433 So.2d 906

---

1. The "cause" and "prejudice" test applies to procedural defaults on appeal. *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984).

(Miss.1983); *Wheat v. Thigpen,* 431 So.2d 486 (Miss.1983); *Gilliard v. State,* 446 So.2d 590 (Miss.1984). The Mississippi Supreme Court's silence as to the reason for its denial of Petitioners' motions for post-conviction relief necessitates the use of certain guidelines adopted by the Fifth Circuit in order to determine whether the motions were overruled on the merits—thus rendering the *Wainwright v. Sykes* bar inapplicable—or for procedural default, in which case the bar would apply. The factors to be considered include:

> [W]hether the state court has used procedural default in similar cases to preclude review of the claim's merits, whether the history of the case would suggest that the state court was aware of the procedural default, and whether the state court's opinions suggest reliance upon procedural grounds or a determination of the merits.

*Webb v. Blackburn,* 773 F.2d 646, 650 (5th Cir.1985), *quoting Preston v. Maggio,* 705 F.2d 113, 116 (5th Cir.1983). The Mississippi Supreme Court has consistently refused to review on the merits claims of insufficiency of the evidence where a criminal defendant has failed to raise such a claim before the trial court in his motion for new trial. *Neves v. State,* 268 So.2d 890 (Miss. 1972); *Maroone v. State,* 317 So.2d 25 (Miss.1975); *McAdory v. State,* 354 So.2d 263 (Miss.1978); *Harrington v. City of Columbus,* 417 So.2d 555 (Miss.1982). Further, Respondent's brief in response to the motions for post-conviction relief only argued procedural bar to the claims presented and did not discuss the merits. The state appellate court was therefore plainly aware of the default.

When the guidelines enunciated in *Webb v. Blackburn, supra,* are applied to the first ground raised in the Petition, it must be concluded that the Mississippi Supreme Court based its denial of post-conviction relief on procedural default.

As alluded to hereinabove, this Court may review the merits of Petitioners' claim of insufficiency of the evidence if "cause" and "prejudice" are shown. Petitioners contend that this dual standard was satis-fied by virtue of their appellate counsel's failure to assign insufficiency of the evidence as an error on direct appeal. In other words, Petitioners argue that "cause" was established by their previous counsel's alleged incompetence in neglecting to present this claim to the Mississippi Supreme Court. A review of Fifth Circuit case law, however, requires a rejection of this argument as such an allegation of ineffective assistance of counsel has been held insufficient to constitute "cause" or excuse for a procedural default. In *Lumpkin v. Ricketts,* 551 F.2d 680 (5th Cir.1977) the Court stated:

> Second, petitioner has not demonstrated cause for failing to make a timely challenge. His only allegation in this regard is that his trial attorney provided ineffective assistance or counsel in failing to so object. This assertion must be rejected, however, for, if accepted, it would effectively eliminate any requirement of showing cause at all. If a petitioner could not demonstrate any legitimate cause, he would only have to raise the spectre of ineffective assistance of counsel to get his challenge heard. This we refuse to sanction.

*Lumpkin,* at 682–83. *Also see, Washington v. Estelle,* 648 F.2d 276, 278 (5th Cir. 1981); *Marks v. Estelle,* 691 F.2d 730 (5th Cir.1982); *Wiggins v. Procunier,* 753 F.2d 1318, 1321 (5th Cir.1985).

More recently, in *Murray v. Carrier,* —— U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the United States Supreme Court, in a holding corroborative of existing Fifth Circuit precedent, elaborated on the egregiousness of attorney error which must be demonstrated in order to satisfy the "cause" criterion:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra,* we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.

*Murray,* at ——, 106 S.Ct. at 2645, 91 L.Ed.2d at 408. In effect this decision eliminates incompetence of counsel as a means for satisfying *Sykes'* "cause" requirement unless the Petitioner can prove constitutionally ineffective assistance of counsel as an independent basis for relief under *Strickland's* standards.[2]

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two-pronged test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) the Defendant must show that counsel's performance was deficient, and (2) the Defendant must show that the deficient performance prejudiced the defense. Therefore, in order to satisfy *Strickland's* conjunctive test Petitioners must not only "show that counsel's representation fell below an objective standard of reasonableness" but also affirmatively prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. at 2064, 2068.

■ The "prejudice" prong of the *Wainwright v. Sykes* test requires the habeas petitioner to show "not merely that the errors at … trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting

his entire trial with error of constitutional dimensions." (emphasis in original). *Frady, supra,* 456 U.S. at 170, 102 S.Ct. at 1596.

The Court has carefully reviewed the record of trial proceedings in County Court which resulted in the aggrieved convictions and concludes—based upon the totality of the evidence presented to that court—that Petitioners were not denied "fundamental fairness" in the course of the trial proceedings and subsequent adjudication of guilt, such fairness being "the central concern of the writ of habeas corpus." *Strickland, supra,* 466 U.S. at 697, 104 S.Ct. at 2069. Petitioners have failed to demonstrate the kind of external impediment contemplated by the Court in *Murray v. Carrier, supra,* which would have prevented their previous counsel from raising the claim of insufficiency of the evidence on appeal to the Mississippi Supreme Court. This Court's determination that *Wainwright v. Sykes's,* "cause" and "prejudice" exception to procedural default does not apply to the instant cases is grounded primarily upon the second prong of *Strickland* and the requirement of actual "prejudice" as construed by the Court in *Engle, supra.* Stated differently, the Court acknowledges that the failure of Petitioners' appellate counsel to assign insufficiency of the evidence as an error on appeal may have fallen outside the expected range of reasonable professional assistance, but the Court cannot say that such failure either affected the outcome of Petitioners' appeal (i.e., affirmance) or worked to their actual and substantial disadvantage.[3] Petitioners were ultimately convicted of two (2) charges of contributing to the delinquency of a minor under Miss.

---

2. *Murray v. Carrier* also requires ineffective assistance of counsel to be exhausted as an independent ground. It was for this reason that this Court held the Petition in abeyance to give the Mississippi Supreme Court the opportunity to decide the Sixth Amendment issue.

3. The Court's ruling in this regard is a product of having been placed in the rather anomalous posture of effectively reviewing the merits of Petitioners' convictions in order to determine whether it may review and adjudicate the merits of the claims presented in the instant petitions. Were this Court permitted to actually address

Petitioners' claim of insufficiency of the evidence, however, it would nonetheless deny habeas corpus relief to both Petitions as it is the court's determination that the evidence, viewed in the light most favorable to the prosecution, is such that no rational fact finder could not have found the essential elements of contributing to the delinquency of a minor beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Marler v. Blackburn,* 777 F.2d 1007, 1011 (5th Cir.1985).

Code Ann. Section 97–5–39 (Supp.1985) which states in pertinent part:

(1) Any parent, guardian or other person who wilfully commits any act or omits the performance of any duty, which act or omission contributes to or tends to contribute to the neglect or delinquency of any child ... shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine not to exceed one thousand dollars ($1,000.00), or by imprisonment not to exceed one (1) year in jail, or by both such fine and imprisonment.

Except for penalties which were half of those provided for in the above-quoted excerpt from Section 97–5–39, its statutory predecessor contained identical language in all material respects and was interpreted in *Guyot v. State*, 252 Miss. 509, 175 So.2d 184 (1965) as "appl[ying] to any person who 'wilfully' commits any act which contributes to, or tends to contribute to the delinquency of a child, *or who 'knowingly' aids any child in being a delinquent ...*". (emphasis supplied). *Id.* 175 So.2d at 184. *Also see Broadstreet v. State*, 208 Miss. 789, 45 So.2d 590 (1950); *Mays v. State*, 216 Miss. 631, 63 So.2d 110 (1953). Consideration of the record as a whole convinces this Court that each of the Petitioners was aware that minors were purchasing beer from the vending machines located inside the game room without any checking of their age or identification. Although not necessary for a valid conviction under the statute, the court is further convinced that the evidence of record also satisfies the element of "willfulness" contained in the statute.

Petitioners' reliance on *Vachon v. New Hampshire*, 414 U.S. 478, 94 S.Ct. 664, 38 L.Ed.2d 666 (1974) is misplaced. In *Vachon* the United States Supreme Court reversed the conviction of a "head shop" operator who had been convicted of violating a state statute making it an offense to willfully contribute to the delinquency of a minor. A 14-year-old girl had purchased a button inscribed "Copulation Not Masturbation" at the Defendant's store. The Supreme Court held that the conviction violated due process because there was no evidence that the Defendant sold the button, that he knew it had been sold to a minor, that he authorized such sales to minors, or that he was even in the store at the time of the sale. In the instant case, however, the Court has previously found that the Petitioners were aware that minors were obtaining beer from the vending machines. Moreover, Section 97–5–39 is less restrictive than the state statute at issue in *Vachon* as the latter does not state that an "omission" can contribute to the delinquency of a minor.

In sum, the Court finds that Petitioners' claim of insufficiency of the evidence is procedurally barred from review and that "cause" and "prejudice" have not been shown.

## B. Ineffective Assistance of Counsel

Petitioners having presented their Sixth Amendment claim of ineffective assistance of appellate counsel to the Mississippi Supreme Court on or about August 15, 1986, Respondents concede that Petitioners have now exhausted this claim before the State courts. Respondents contend that the issue of ineffective assistance of counsel on appeal is procedurally barred from review by Miss.Code Ann. Section 99–39–27(9) [4]

---

**4.** This statute provides in pertinent part:

(9) *The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter.* Excepted from this prohibition is an application filed pursuant to section 99–19–57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of an application relating to insanity under section 99–19–57(2), Mississippi Code of 1972, shall be res judicata on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the

which precludes review of this claim on its merits by this Court.

■ This Court is compelled by considerations of comity to defer to adequate and independent state grounds, including procedural bars. We need not, however, defer to determinations of law made on a constitutional basis. Due to the Mississippi Supreme Court's failure to provide any reasoning for their decision, despite the Court's efforts [5] to allow, and indeed require, exhaustion, and the Attorney General's exhortation of that Court to clarify its ruling, when a simple citation to a statute could have shown its procedural nature, we turn *again* to our guidelines for interpolating the Supreme Court's silence—was it a procedural or substantive decision?

The Fifth Circuit has very recently reiterated its policy of interpreting the meaning of silence in a state court decision. *Bates v. Blackburn*, 805 F.2d 569, 574 (5th Cir.1986), states:

The determination of whether a state procedural bar was invoked by the state courts is made on a case-by-case basis. Where the state court is silent as to its reason for denying relief, the absence of reliance on an available procedural ground does not mandate a conclusion that the decision was not based on procedural grounds. (citation omitted). Likewise, the mere availability of a procedural ground does not compel a conclusion that this ground formed the basis for the court's holding.

Where the precedent is clear that a procedural bar has often been used by the state court in similar cases, such as the insufficiency of the evidence claim analyzed above, the factors listed in *Webb v. Blackburn* supply the proper analysis. However, in the case of the successive petition rule (see footnote 4) there are no Mississippi cases which provide precedential guidance. Were we simply to presume that the procedural bar had been used to preclude the claim when, as here, we have absolutely no hint of the basis of the decision, we might well be remiss in our statutory duty to review petitions for constitutional error. The problem is stated precisely in *Hawkins v. Lefevre*, 758 F.2d 866, 872 (2nd Cir.1985), *quoting* Judge Newman in *Edwards v. Jones*, 720 F.2d 751, 757 (2nd Cir.1983):

What concerns me about the majority's inference from state court silent affirmance in this case is the prospect that in some future case where a procedural default is arguable, but not clear, the Appellate Division will silently affirm after deciding that there was neither procedural default nor a valid claim on the merits, and we will then affirm the denial of habeas corpus relief because we mistakenly presume state court reliance on procedural default even though we think a constitutional error affecting substantial rights has occurred.

The *Hawkins* court, using this dissent, modified the then current Second Circuit rule of presuming a procedural bar from silence by taking the following approach:

For a variety of reasons, we are unwilling to presume that, through its silence, the Appellate Division rested its affirmance in this case on a procedural default. Indeed, although we are not absolutely certain, we are confident the Appellate Division affirmed Hawkins's conviction because it believed there was no constitutional error, or, if there were such an error, that it was harmless beyond a reasonable doubt.

*Hawkins*, 758 F.2d at 872. *See also Ortiz v. Rodriguez*, 634 F.Supp. 20,25 (S.D.N.Y. 1985).

■ The Fifth Circuit, as noted above, takes a case by case approach rather than

prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. (emphasis supplied).

**5.** It should be noted that the Supreme Court was on notice at the time of the second petition of this Court's concern with the gravity of the ineffective assistance of counsel issue through the arguments of counsel, the expression of this Court at the oral argument, the effort to have the issue properly before the Court as an independent ground and particularly this Court's grant of bail to Nations for which a crucial factor is an assessment of the merits of the case. Considerations of comity have turned into a comedy of frustration in this case.

a presumptive approach. As in *Hawkins,* however, this Court declines to presume, without knowing more, that the decision by the Mississippi Supreme Court on the second petition which raised ineffective assistance of counsel ground was based on procedural bar. The most plausible reading is that the Petitioners failed to show constitutional ineffective assistance of counsel under the *Strickland v. Washington* standard. Therefore, the Court holds that the Supreme Court's order relating to ineffective assistance of counsel was a decision on the merits, was properly exhausted, was not barred procedurally [6] and is properly before this Court for review. We turn now to a substantive review of that claim.

The stringent standards of *Strickland* have already been detailed. Actually, two levels of alleged ineffectiveness exist: (1) ineffective assistance on direct appeal, mainly consisting of the failure to raise the sufficiency of the evidence, which has been rejected above; (2) ineffective assistance for failure to raise ineffective assistance on the first petition under the Mississippi Uniform Post-Conviction Collateral Relief Act. Under the prejudice prong in *Strickland* the ultimate success of an ineffective assistance of counsel claim always depends on the merits of the underlying constitutional infirmity. This Court has already examined the substantive issue in detail, and has found that counsel's performance neither affected the outcome of Petitioners' appeal nor worked to their actual and substantial disadvantage. (see pp. 478–479, *supra*). Because we have rejected that claim on the merits, there can be no ineffective assistance under *Strickland* in this case.

C. Actual Innocence

█ Finally, the Court is mindful that habeas relief may be granted pursuant to

the following language from *Murray v. Carrier:*

> However, as we also noted in *Engle,* "[i]n appropriate cases" the principles of comity and finality that inform the concepts of cause and prejudice "must yield to the imperative of correcting a fundamentally unjust incarceration." 456 U.S. at 135, 71 L.Ed.2d 783, 102 S.Ct. 1558 [at 1576]. We remain confident that, for the most part, "victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." *Ibid.* But we do not pretend that this will always be true. Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

It should be apparent, however, that this Court does not view the instant petitions as presenting such an extraordinary case. To the contrary, the Court is satisfied that Petitioners are actually not innocent of the crimes with which they were charged and ultimately convicted and that same occurred without constitutional violation.

## II. CONCLUSION

In conclusion, the Court determines that the insufficiency of evidence claim raised by Petitioners in the instant petitions for habeas corpus relief are procedurally barred from review by this Court. Were this Court to decide the merits of that claim, it is the opinion of the Court that habeas relief should nevertheless be denied. The claim of ineffective assistance of counsel is properly before the Court but has no merit. Accordingly, each of the instant petitions shall be dismissed with prejudice.

---

**6.** Were our decision that the ineffective assistance claim is barred, this Court would not be absolutely precluded from hearing the case on the merits. Although the successive petition statute (see note 4) lists several exceptions, it does not list "cause" and "prejudice" as defined earlier in the Post Conviction Collateral Relief Act. It is unclear whether the Mississippi Supreme Court would imply that exception to Miss.Code Ann. Section 99–35–27(9). However, a failure to do so might render the statute unconstitutional and, in any event, would not preclude this Court's hearing a claim on the merits even if absolutely barred in state court if proper cause and prejudice were proved here.

An Order consistent with the findings in this Opinion shall be furnished by Respondents within ten (10) days from the date hereof.